**Alvin BROWN, Plaintiff,**

v.

**WORLD AIRWAYS, INC., Defendant.**

**No. 81 CIV 5222 (LBS).**

United States District Court, S. D. New York.

April 5, 1982.

---

Paul E. Dahlman, New York City, for plaintiff.

Littler, Mendelson, Fastiff & Tichy, Henry D. Lederman, San Francisco, Cal., for defendant; Robert L. Ferris, New York City, of counsel.

## OPINION

SAND, District Judge.

The plaintiff in this action alleges that he was discharged from his employment with World Airways on June 19, 1981 because he was engaged in efforts to organize its employees. The plaintiff asserts that his discharge was intentional and malicious and violated that portion of the Railway Labor Act ("R.L.A.") which states:

"No carrier, its officers, or agents shall deny or in any way question the right of its employees to join, organize, or assist in organizing the labor organization of their choice, and it shall be unlawful for any carrier to interfere in any way with the organization of its employees ... or to influence or coerce employees in an effort to induce them to join or remain or not to join or remain members of any labor organization...."

45 U.S.C. § 152 (Fourth). The defendant has moved to strike the demand for damages other than backpay, including damages for emotional distress, injury to reputation, and punitive damages.

An exhaustive search of the legislative history of the R.L.A. reveals no discussion of available civil remedies. The legislative history of analogous federal labor statutes likewise provides no guidance as to what elements of damages are recoverable in this action. However, the plaintiff has quite rightly pointed out that Congress may have recognized a strong public policy rationale supporting the availability of the full range of tort damages, including punitive damages, in a case such as the present one.

In this action, the aggrieved employee was reinstated after a short period of time, and the employer would be assessed only a small amount in backpay if it is found liable for deliberately and maliciously denying its employees' right to organize. Limitation of recovery to a backpay pittance, therefore, might encourage such an employer to continue illegal discriminatory practices which impede efforts to unionize its employees. As the plaintiff has asserted, to ensure compliance with the R.L.A., Congress may have sought to make deliberate violations expensive enough to the wrongdoer to deter future tortious conduct. Plaintiff's Brief at 6. The statute is consistent with the view that the best way to do this is to make available the full range of tort remedies.

The defendant cites several cases in support of its contention that emotional distress, injury to reputation, and punitive damages may not be recovered under the R.L.A. The Court finds the issues in these cases to be distinguishable from those in the present action and their discussion of limited relevance to the allegations now before the Court.

The defendant directs the Court to two R.L.A. cases, as well as to several cases decided under other federal labor statutes. See Defendant's Brief at 1–3; Defendant's Reply at 1–6, relying primarily on *International Brotherhood of Electrical Workers v. Foust*, 442 U.S. 42, 99 S.Ct. 2121, 60 L.Ed.2d 689 (1979); *Sharkey v. Penn Central Transportation Co.*, 493 F.2d 685 (2d Cir. 1974); *Brady v. Trans World Airlines, Inc.*, 244

F.Supp. 820 (D.Del.1965), *aff'd.* 401 F.2d 87 (3d Cir. 1968), *cert.* denied 393 U.S. 1048, 89 S.Ct. 680, 21 L.Ed.2d 691 (1969); *St. Clair v. Teamsters Local 515*, 422 F.2d 128 (6th Cir. 1969).

The Court notes at the outset that the Defendant's reliance on *Sharkey* is misguided. That case held that the wrongfulness of a railroad employee's discharge and his claims for reinstatement and backpay should have been presented to the National Railroad Adjustment Board pursuant to the R.L.A., and not to the court in a Federal Employees Liability Act suit. The language upon which the defendant relies is the court's statement that, *in a proceeding before the Board*, reinstatement and backpay were the only types of relief available. The decision did not discuss the remedies which would have been available if the case were properly before the court. Furthermore, the *Sharkey* court, in stating that the plaintiff could not recover damages for mental anguish and emotional distress because the wrongfulness of the discharge had not been determined by the correct body, tacitly acknowledged that in an appropriate case such damage would be permitted:

> "However, in my view Sharkey, if found to have been properly discharged for cause, would not be entitled to an award of damages for the aggravating effect of the discharge upon his mental condition . . . I fail to perceive any logical basis for permitting recovery for its aggravating effect unless the discharge was improper . . . ."

493 F.2d at 691.

The other cases on which the defendant relies generally involve employees who are already represented by a union and who are seeking damages from that union. The limitation of available remedies in these actions has been made on the basis of considerations which are unique to such circumstances and are inapplicable to the present case.

In this case, where the employee is not represented by a union which can protect his interests through collective bargaining or other methods, he lacks the power enjoyed by the plaintiffs in the defendant's cited cases to prevent an employer's abuses. And although the cases have stated that the general purpose of the federal labor laws is remedial, there are special reasons for awarding punitive damages in a case where the employee is not represented by a union. The Supreme Court stated in *Foust, supra,* that "the overarching legislative goal [of the R.L.A.] is to facilitate collective bargaining and to achieve industrial peace." 442 U.S. at 47, 99 S.Ct. at 2125. It then found that the award of punitive damages *against a union* would not comport with this policy since it might deplete their treasuries, thereby undermining their stability and effectiveness as collective bargaining agents. However, the award of punitive damages against an employer who illegally seeks to hinder the organization of his employees would deter such conduct and hence further the goals of collective bargaining and industrial peace.

Since there are no statutory provisions or judicial decisions which restrict a court's award of damages under the R.L.A. in an action such as this one, and since there are very strong policy reasons for allowing the recovery of damages other than backpay in an appropriate case, the Court declines to strike the plaintiff's damages demands at this early stage of the proceedings.

We emphasize that we are dealing only with a motion to strike and nothing contained herein is in any way intended to be an intimation of whether or not the plaintiff's allegations are meritorious.

The defendant's motion is denied.

SO ORDERED.