**Donald BELTON, Plaintiff,**

v.

**AIR ATLANTA, INC., Defendant.**

**Civ. A. No. C86–911A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 24, 1986.

J. Michael Walls, Adair, Acanlon & McHugh, Atlanta, Ga., Robert S. Clayman, Ass'n of Flight Attendants, Washington, D.C., for plaintiff.

Robert C. Christenson, Joseph W. Bryan, Fisher & Phillips, Atlanta, Ga., for defendant.

**ORDER**

ROBERT H. HALL, District Judge.

Plaintiff brings this action under the Railway Labor Act, 45 U.S.C. § 151 *et seq.* (1982) ("R.L.A.") alleging defendant unlawfully discharged him from employment because of his efforts to organize defendant's employees. Plaintiff seeks declaratory and injunctive relief, reinstatement and back pay, punitive damages, and an order compelling the district attorney to prosecute defendant under Section 2, Tenth, 45 U.S.C. § 152 (Tenth) of the R.L.A. This court's jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1337, 2201, and 2202 and 45 U.S.C. § 151 *et seq.* The action is currently before the court on defendant's motion to strike portions of plaintiff's complaint.

## FACTS

Plaintiff, Donald Belton, was employed by defendant, Air Atlanta, as a Flight Service Representative from January 16, 1984, until his termination on November 8, 1985.[1] Complaint, ¶ 1. During Belton's employment, Air Atlanta's flight service representatives were not unionized. Belton discussed with his fellow employees the possible benefits to be gained through unionization. Throughout his tenure, Belton spoke to management on behalf of and with the knowledge of his fellow flight service representatives about the employees' dissatisfaction with their working conditions. Complaint, ¶¶ 8, 9. Also with the knowledge of his fellow employees, Belton engaged in "other concerted activities for the purpose of collective bargaining or other mutual aid or protection." Complaint, ¶ 9.

In September 1985, Belton and other Air Atlanta flight service representatives met with members of the Association of Flight Attendants ("A.F.A.") to discuss the possibility of selecting the A.F.A. as their employee representative for purposes of collective bargaining. Complaint, ¶ 10. Belton, with the knowledge and support of other Air Atlanta flight service representatives, "supported and assisted A.F.A. in order to have it designated" the employee representative pursuant to the R.L.A. Complaint, ¶ 11.

On or about September 28, 1985, Belton met with Air Atlanta's Chief Executive Officer to inform him of the employees' dissatisfaction with working conditions and belief that union representation would improve those conditions. Complaint, ¶ 12. On November 8, 1985, Air Atlanta discharged Belton. The stated reasons for his discharge were: insubordination; failure to carry out assigned duties; and undermining management. Complaint, ¶ 13. Plaintiff contends that the purported bases of his discharge were pretextual and he was in fact discharged because of his efforts to organize the Air Atlanta flight service representatives.

Plaintiff maintains that defendant violated the R.L.A. by terminating his employment with Air Atlanta. He asks this court to issue an order to the United States Attorney for the Northern District of Georgia to initiate proceedings and prosecute defendant as provided in Section 2, Tenth of the R.L.A. Plaintiff also seeks punitive damages and broad as well as narrow injunctive relief. Defendant brings this motion, pursuant to Rule 12(f), Fed.R.Civ.P., to strike those portions of plaintiff's complaint in which he seeks: (1) an order to the district attorney; (2) broad injunctive relief; and (3) punitive damages. Further facts will be disclosed as necessary for discussion of the motion.

## DISCUSSION

Plaintiff alleges that defendant violated section 2 (Third) of the R.L.A., which provides in relevant part:

> Representatives ... shall be designated by the respective parties without interference, influence or coercion by either party over the designation of representatives by the other; and neither party shall in any way interfere with, influence or coerce the other in its choice of representatives.

45 U.S.C. § 152 (Third). Plaintiff further alleges that defendant violated Section 2 (Fourth) which states:

> No carrier, its officers, or agents shall deny or in any way question the rights of its employees to join, organize, or assist in organizing the labor organization of their choice and it shall be unlawful for any carrier to interfere in any way with the organization of its employees ... or to influence or coerce employees in an effort to induce them to join or remain or not to join or remain members of any labor organization....

45 U.S.C. § 152 (Fourth).

Although the R.L.A. makes certain acts by a carrier unlawful, the statute does not

---

1. Defendant's motion to strike is similar in effect to a motion to dismiss. Therefore, for purposes of the motion, the court takes to be true the factual allegations contained in plaintiff's complaint.

specify the remedies available to employees injured by a carrier's violations of the Act. Defendant contends that an employee is not entitled to punitive damages under the R.L.A. Defendant further contends that plaintiff does not have standing under the R.L.A. to seek injunctive relief for employees other than himself. Finally, defendant contends that this court has no authority to grant plaintiff's request for an order compelling the district attorney to prosecute defendant. The court will consider defendant's three contentions in reverse order.

### A. *Order to Prosecute*

■ The willful failure or refusal by a carrier to comply with, *inter alia*, Section 2 (Third) and (Fourth) is a misdemeanor under section 2 (Tenth) of the R.L.A. Furthermore, pursuant to Section 2 (Tenth) the U.S. Attorney "to whom any duly designated representative of a carrier's employees may apply" has a duty to "institute in the proper court and to prosecute under the direction of the Attorney General of the United States, all necessary proceedings for the enforcement of the provisions" of Section 2. 45 U.S.C. § 152 (Tenth).

In paragraph 5 of his complaint, plaintiff asks this court to issue an order to the U.S. Attorney to "institute and prosecute ... all necessary proceedings to enforce 45 U.S.C. § 152 Tenth and to punish defendant for its willful and knowing violations of 45 U.S.C. §§ 152, Third and 152, Fourth." Complaint, ¶ 5. Plaintiff states that paragraph 5 "does not in any way constitute a request for mandamus action...." Plaintiff's Memorandum in Opposition to Defendant's Motion to Strike, p. 17. The plain language of paragraph 5, however, appears to contradict plaintiff's statement. Plaintiff asks this court to order the United States Attorney to prosecute and punish defendant for its violations of Section 2 (Third) and (Fourth) of the R.L.A. See Complaint, ¶ 5.

This court does not have the authority to compel United States attorneys to institute criminal prosecutions. Under the constitutional separation of powers doctrine, a court may not interfere in the discretionary powers of a United States attorney who is an executive official of the Government. *See United States v. Cox,* 342 F.2d 167, 171 (5th Cir.1965), *cert. denied,* 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965). Pursuant to the R.L.A., a United States attorney, to whom a carrier's employee-representative applies, must institute proceedings and prosecute a carrier who violates the Act. Plaintiff failed to show that an employee-representative of Air Atlanta applied to a United States attorney requesting him or her to institute a criminal prosecution. Accordingly, this court will not interfere with the United States attorneys' discretionary powers by issuing an order as requested by plaintiff in ¶ 5 of his complaint. The court, therefore, GRANTS defendant's motion to strike ¶ 5 of the complaint.

### B. *Broad Injunctive Relief*

Defendant moves the court to strike subparagraphs (b)(c) and (d) of paragraph 1 of plaintiff's complaint in which he asks this court to permanently enjoin defendant from (1) interfering with, influencing or coercing plaintiff and any other Air Atlanta flight service representative in their choice of a representative; and (2) discharging or disciplining plaintiff and any other Air Atlanta flight service representative for exercising their right to join, organizing or assisting in organizing the labor organization of their choice. Complaint, p. 6, ¶ 1. Because plaintiff seeks injunctive relief for employees other than himself, defendant has moved to strike the subparagraphs.

■ Defendant first contends that this court does not have jurisdiction to grant the broad relief plaintiff seeks. Defendant suggests that if the court were to grant such relief, it would interfere with the jurisdiction of the National Mediation Board. See Defendant's Brief in Support of Motion to Strike, p. 8. In an action such as the instant one, however, where the plaintiff alleges violations of a federal statute rather than a collective bargaining agreement, several courts have found that the statute confers jurisdiction over the action on a

federal court. *See, e.g., Griffin v. Piedmont Aviation, Inc.,* 384 F.Supp. 1070 (N.D.Ga.1974) (Edenfield, J.); *Roscello v. Southwest Airlines Co.,* 726 F.2d 217, 220 n. 2 (5th Cir.1984). Defendant is incorrect, therefore, in asserting that this court lacks jurisdiction to grant the relief plaintiff requests.

■ Defendant also contends that a broad injunctive order such as plaintiff seeks would violate defendant's First Amendment right of free speech. If an injunction were issued, however, defendant would be enjoined only from engaging in activities which are unlawful under the R.L.A. Defendant does not have a constitutional right to violate a federal statute. Defendant's opposition to broad injunctive relief on constitutional grounds is, therefore, invalid. *See, Texas and New Orleans Railroad Co. v. Brotherhood of Railway and Steamship Clerks,* 281 U.S. 548, 571, 50 S.Ct. 427, 74 L.Ed. 1034 (1930).

Finally, defendant argues that plaintiff lacks standing to request injunctive relief for employees other than himself. Plaintiff is not the representative of the members of a class of plaintiffs. He has sued on his own behalf only. Plaintiff has alleged, however, that he was discharged for attempting to organize his fellow flight service representatives.

■ Plaintiff may not seek to enjoin defendant from engaging in activities never before engaged in by defendant. Plaintiff must make a sufficient showing of defendant's past violations of the R.L.A. before the court will enjoin defendant from engaging in future unlawful conduct. *Cf., Adams v. Federal Express Corp.,* 470 F.Supp. 1356, 1369–70 (W.D.Tenn.1979) *aff'd,* 654 F.2d 452 (1981) (injunctive relief not required or warranted where no evidence of past offenses). At this preliminary stage, however, this court will not grant defendant's motion to strike if plaintiff has alleged that, in the past, defendant has engaged in the conduct plaintiff seeks to enjoin.

In his complaint, plaintiff alleges that defendant interfered with his efforts to organize and choose a representative and ultimately discharged him from employment for attempting to organize his co-workers. Complaint, pp. 4–5, ¶¶ 15, 16, 17. Provided plaintiff can prove that defendant interfered with, influenced or coerced him and discharged him for exercising his right to choose a representative and organize a labor union, the injunctive relief he requests will not be unwarranted. Furthermore, if the plaintiff makes a showing of past unlawful activity by defendant, the relief he requests may not be overbroad for, unlawful activity by defendant, even if not widespread or consistent, may "have the effect of discouraging other employees from exercising their statutory rights." *Adams v. Federal Express, supra,* 470 F.Supp. at 1374.

Because plaintiff has alleged past unlawful conduct by defendant, this court DENIES defendant's motion to strike the subparagraphs in plaintiff's complaint in which he seeks injunctive relief. In denying defendant's motion to strike the relevant subparagraphs, however, the court in no way rules on the ultimate question of whether the relief is warranted. The court has only addressed defendant's motion to strike and does not hereby rule on the merits of plaintiff's complaint.

C. *Punitive Damages*

■ Plaintiff seeks $100,000 as punitive damages "to deter defendant from continuing or repeating its wrongful acts." Complaint, p. 7, ¶ 4. Defendant moves to strike plaintiff's request for punitive damages on the ground that an award of punitive damages is not appropriate in a labor dispute. No court in this jurisdiction has decided the question of whether an employer who violates the R.L.A. may be required to pay punitive damages. As noted above, the R.L.A. does not specify the remedies available to an employee who sues his or her employer for violations of the Act. Courts in other jurisdictions have split on the issue of whether a *per se* rule prohibiting puni-

tive damages should be implied under the R.L.A.

In *International Brotherhood of Electrical Workers v. Foust,* 442 U.S. 42, 99 S.Ct. 2121, 60 L.Ed.2d 698 (1979), the Supreme Court disallowed punitive damages in an action brought by an employee against a union under the R.L.A. Much of the Court's reasoning for prohibiting punitive awards against a union, however, is inapposite in the instant action which is brought by an employee against an employer whose workforce is not unionized.[2] The case most relied upon by defendant is also dissimilar to the instant case on the facts. In *Brotherhood of Railway Carmen of the U.S. and Canada v. Delpro Co.,* 579 F.Supp. 1332 (D.Del.1984) the court granted defendant's motion to dismiss plaintiff's punitive damage claim. In *Delpro,* although an action against an employer, the employees were represented by a union and the court found that a punitive damage award might have a "detrimental effect on the congressional goal of furthering congenial labor relations between *union* and management." *Id.* at 1336 (emphasis added).[3]

This court is persuaded by the reasoning of the court in *Brown v. World Airways,* 539 F.Supp. 179 (S.D.N.Y.1982), particularly because the facts in *Brown* mirror the facts of the instant action. The *Brown* court denied defendant's motion to strike plaintiff's punitive damage claim finding that there may be "special reasons for awarding punitive damages in a case where the employee is not represented by a union." *Id.* at 181. Referring to the Supreme Court's declaration in *Foust, supra,* that "the overarching legislative goal [of the R.L.A.] is to facilitate collective bargaining and to achieve industrial peace," 442 U.S. at 47, 99 S.Ct. at 2125, the *Brown* court noted that "the award of punitive damages against an employer who illegally seeks to hinder the organization of his employees would deter such conduct and hence further the goals of collective bargaining and industrial peace." *Id.* at 181. *See also International Association of Machinists v. Jet America Airlines,* 115 L.R.R.M. 3283 (C.D.Cal.1983) (the policies and purposes for which the R.L.A. was enacted "will best be effectuated by the provision of a full range of remedies, including punitive damages.").[4] Accordingly, the court DENIES defendant's motion to strike plaintiff's punitive damages claim.

Although this court finds that punitive damages may be awarded under the R.L.A. where an employer unlawfully interfers with unrepresented employees' attempts to organize, it does not hereby find that plaintiff is, in fact entitled to punitive damages in the instant action. Again, this order only addresses defendant's motion to strike

---

**2.** The Court was concerned about punitive damages "compromising the collective interests of union members in protecting limited funds." *Foust* 442 U.S. at 50, 99 S.Ct. at 2127. The Court further suggested that punitive awards might impair the effectiveness of unions as collective-bargaining agents and "could curtail the broad discretion that *Vaca* afforded unions in handling grievances." *Id.* at 51, 99 S.Ct. at 2127. Finally, the court posited that "the threat of punitive damages could disrupt the responsible decisionmaking essential to peaceful labor relations.... [U]nions might feel compelled to process frivolous claims or resist fair settlements." *Id.* at 52, 99 S.Ct. at 2127.

**3.** The *Delpro* court found that a punitive award against management would upset the careful balance between employers and unions. It stated, "To allow a threat of unpredictable punitive awards against employers, where unions sitting opposite them at the bargaining table are im-

mune from such threats, would unfairly multiply the unions' arsenal of negotiating weapons." *Delpro,* 579 F.Supp. at 1336.

**4.** Defendant also relies on a recent District Court of Ohio order granting defendant's motion to dismiss plaintiff's claim for punitive damages. *See Grosschmidt v. Chautauqua Airlines, Inc.,* No. C85–1432 (Aug. 9, 1985) (Bell, J.) (unpublished). The court in *Grosschmidt* declined to follow *Brown,* believing it to be "a singular opinion in which that conclusion [to allow punitive damages] has been reached." Instead, the court followed *Foust* and *Delpro.* This court, as stated above, is more persuaded by *Brown* and *Jet America* that an award of punitive damages might actually further the purposes of the R.L.A. where an employer unlawfully interferes with unrepresented employees' attempts to organize and choose a representative.

and in no way intimates the court's opinion of the merits of plaintiff's complaint.

In summary, the court:

1) GRANTS defendant's motion to strike ¶ 5 on p. 7 of plaintiff's complaint;

2) DENIES defendant's motion to strike ¶ 1(b)(c)(d) of plaintiff's complaint; and

3) DENIES defendant's motion to strike ¶ 4 of plaintiff's complaint.