Gayla J. MAAS, Plaintiff,

v.

FRONTIER AIRLINES, INC., Defendant.

Action No. 86–F–1649.

United States District Court, D. Colorado.

Nov. 13, 1987.

James C. Fattor, Denver, Colo., James L. Hicks, Dallas, Tex., for plaintiff.

Jay John Schnell, Roath and Brega P.C., Denver, Colo., for defendant.

## ORDER STRIKING JURY DEMAND

SHERMAN G. FINESILVER, Chief Judge.

This matter is before the court on defendant's motion to strike plaintiff's demand for a jury. Plaintiff has opposed the motion, and has also moved for leave to file an amended complaint. Defendant opposes the filing of an amended complaint. Defendant further asserts that even if the amended complaint is permitted, the plaintiff's jury demand should be stricken. For the reasons stated below, the court GRANTS defendant's motion to strike jury demand, and DENIES plaintiff's motion for leave to amend complaint.

### I.

### FACTUAL BACKGROUND

The complaint alleges that defendant terminated plaintiff from employment in violation of the Railway Labor Act, 45 U.S.C. § 152 (Fourth) (the "RLA"). Specifically, plaintiff alleges that she has been terminated for engaging in picketing and related protected activities in connection with labor disputes. She also alleges she was terminated because of her association with her father, Carl Maas, who "was known throughout the industry" as an advocate of organized labor in the Airline Pilots Association (the "ALPA"). Plaintiff seeks reinstatement, lost wages and benefits, punitive damages, attorney fees and costs.

### II.

### ANALYSIS

Defendant argues plaintiff is not entitled to a jury because (1) she seeks equitable remedies for which no jury trial is required, and (2) the application of federal labor policy requires consistent and uniform decisions which are incompatible with a trial by jury. Plaintiff asserts she is entitled to a jury because the remedies she seeks are both legal and equitable remedies. Plaintiff further contends the proferred amended complaint seeks compensatory damages which are legal remedies entitling her to a jury trial.

The RLA does not provide statutorily for a jury trial. Therefore, plaintiff's sole right to a jury trial rests on the seventh amendment to the United States Constitution. The seventh amendment preserves the right of trial by jury "in suits at common law". The scope of this guaranty encompasses suits in which legal rights are to be determined, in contrast to those in which equitable rights alone are involved. *See Ross v. Bernhard,* 396 U.S. 531, 537–38, 90 S.Ct. 733, 737–38, 24 L.Ed.2d 729 (1970). In *Ross,* the Supreme Court established three criteria to distinguish legal from equitable issues for deciding when a right to a jury trial exists: (1) the customary manner of trying such a cause before the merger of law and equity; (2) the kind of remedy sought by the plaintiff; and (3) the abilities and limitations of a jury in deciding the issue. Our analysis of this action under the *Ross* criteria leads to a conclusion that plaintiff is not entitled to a jury trial.

### A. *The Customary Manner of Trying the Cause*

The rights and duties involved in the alleged unfair labor practice of discrimination based on union activity had no common law counterpart triable by a jury before the merger of law and equity. *Brady v. Trans World Airlines, Inc.,* 196 F.Supp. 504, 507–08 (D.Del.1961). The few courts which have found the existence of a common law counterpart in a labor case did so for other types of labor violations. *See Cox v. C.H. Masland & Sons, Inc.,* 607 F.2d 138, 143 (5th Cir.1979) (An exclusive bargaining agent's duty of fair representation under the National Labor Relations Act, 29 U.S.C. §§ 141–187, is comparable to the common law tort of breach of a duty of fair representation); *Quinn v. DiGiulian,* 739 F.2d 637, 645–46 (D.C.Cir.1984) (Claim for damages under the Bill of Rights of the Labor

Management Reporting and Disclosure Act, 29 U.S.C. 401, *et seq.*, sounds in tort). Consequently, the claim raised by plaintiff has no common law counterpart and is not of the type triable by a jury before the merger of law and equity. Therefore, the first factor outlined in *Ross* weighs against a jury trial.

### B. *The Type of Remedy Sought*

The seventh amendment does not provide for a jury trial in actions brought for equitable remedies, but does provide for a jury trial in actions brought for legal remedies. When equitable and legal claims are joined, there is a right to a jury trial. *Ross*, 396 U.S. at 537–538, 90 S.Ct. at 737–38. *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). Therefore, an analysis of the relief sought by plaintiff is required.

We first consider plaintiff's claims for reinstatement and back pay. In *Roscello v. Southwest Airlines Co.*, 726 F.2d 217, 221 (5th Cir.1984), the Fifth Circuit considered, but did not determine, the issue of whether a wrongful discharge action under the RLA is one in which a plaintiff is entitled to a jury trial. The Fifth Circuit found that the plaintiff was entitled to a jury because the wrongful discharge claim was combined with a legal claim—a fair representation claim under the RLA.

The only case deciding the issue as to a wrongful discharge claim under the RLA is *Brady v. Trans World Airlines, Inc.*, 196 F.Supp. 504 (D.Del.1961). In *Brady*, the court stated:

> In view of the foregoing, plaintiff's demand for a jury trial must be stricken. Except for punitive damages, the main relief sought, reinstatement, is equitable in nature, the other requests for monetary compensation, such as back pay, being incidental to this. [citation omitted].

196 F.Supp. at 507. Thus, the *Brady* court found that the claim was equitable in nature.

A claim for reinstatement and damages under Title VII is analogous to a claim for wrongful discharge under the RLA. Claims for reinstatement and damages under Title VII are considered equitable in nature. *Trotter v. Todd*, 719 F.2d 346, 348 (10th Cir.1983).

In support of her allegation that this case is analogous to a tort claim, plaintiff cites authority relating to claims under 42 U.S.C. §§ 1981 and 1983 of the Civil Rights Act. Plaintiff's arguments are unpersuasive. Claims under the Civil Rights Act involve broadbased breaches of the civil rights of claimants for a wide variety of activities. However, the RLA and Title VII are limited to claims relating to the employer/employee relationship. Thus, although the law in this area is unclear, we find that on balance, a claim under the RLA for reinstatement and back pay is equitable in nature.

We next consider plaintiff's claims for punitive damages. Plaintiff asserts that her claims for punitive damages are legal in nature, thus, entitling her to a jury trial. Our review of the case law leads to the conclusion that plaintiff is not entitled to punitive damages for a claim brought under the RLA. The majority of courts considering this issue have found that punitive damages are not recoverable under the RLA. *Grosschmidt v. Chautauqua Airlines, Inc.*, 40 Empl.Prac. Dec. (CCH) ¶ 36,196 (N.D.Ohio 1986) [Available on WESTLAW, 1986 WL 10077]; *Brotherhood of Railway Carmen of the United States and Canada v. Delpro Co.*, 579 F.Supp. 1332 (D.Del.1984); *Brady*, 196 F.Supp. at 507. Although this issue has not been clearly decided, a review of national labor policy favors disallowing punitive damages. *See International Brotherhood of Electrical Workers v. Foust*, 442 U.S. 42, 99 S.Ct. 2121, 60 L.Ed.2d 698 (1978); *Brotherhood of Railway Carmen, supra.*

Plaintiff asserts the case of *Brown v. World Airways, Inc.*, 539 F.Supp. 179 (S.D. N.Y.1982), permits the recovery of punitive damages under the RLA. However, *Brown* clearly runs counter to the majority view that punitive damages are unavailable against an employer under the RLA. The reasoning of the *Brown* Court was considered and rejected by the courts in *Grosschmidt, supra*, and *Brotherhood of*

*Railway Carmen, supra.* We find that the better view is that punitive damages under the RLA are not permitted. Therefore, plaintiff's demand for punitive damages is STRICKEN.

Finally, we consider plaintiff's claims for compensatory damages. Plaintiff argues the amended complaint, asserting claims for compensatory damages, invokes a legal remedy entitling her to a jury trial. Plaintiff's proffered First Amended Complaint ¶ 11 states: "Further, as a direct and proximate result of Plaintiff's discharge by defendant, she has been damaged and anticipates further damage by way of loss of real estate being purchased by her." Plaintiff's motion for leave to amend, page 2, states that "[p]laintiff has recently been informed that as a result of her discharge from Defendant and her intervening in abelety [sic] to find employment it is likely that her real estate will be foreclosed upon causing her additional damage to that which she seeks in her original complaint."

We first note that merely because a complaint seeks monetary relief does not necessarily result in a finding that legal relief is sought. *Curtis v. Loether*, 415 U.S. at 196, 94 S.Ct. at 1009. Further, our review of the RLA leads us to conclude that the RLA was not intended to cover compensatory damages of the type asserted by plaintiff. Thus, in *Louisville & Nashville Railroad Company v. Brown*, 252 F.2d 149, 155 (5th Cir.), *cert. denied*, 356 U.S. 949, 78 S.Ct. 913, 2 L.Ed.2d 843 (1958), the Fifth Circuit found that Congress did not intend to create a statutory right of damages of the kind claimed by plaintiffs. A review of the complaint in *Louisville & Nashville* discloses that plaintiffs sought compensatory damages. Further, in *Lewy v. Southern Pacific Transportation Co.*, 799 F.2d 1281, 1295 (9th Cir.1986), the Ninth Circuit stated in *dicta* that "the Supreme Court and our court have concluded in a series of cases that in enacting the RLA, Congress consciously intended to minimize litigation of railroad labor disputes in the state and federal courts and to limit wrongfully discharged employees to the remedies of reinstatement and back pay." Therefore, although the law on this issue is equivocal,

we conclude that the better view is that plaintiff is not entitled to assert compensatory damages under the RLA. Plaintiff's motion for leave to amend complaint is DENIED. Since plaintiff is unable to assert compensatory and punitive damages, plaintiff's complaint seeks only equitable remedies. Thus, the second factor in *Ross* weighs against a jury trial.

### C. *Abilities and Limitations of a Jury*

Defendant argues that juries are inappropriate in the area of labor relations because of the possibilities of conflicting jury decisions. Defendant asserts that conflicting jury decisions could place a carrier in the anomalous position of attempting to apply uniform labor practices throughout its business operation, while having its liability change from locality to locality. Further, the Supreme Court has emphasized the importance of uniformity in the labor law field. *See DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Plaintiff contends that a jury is particularly well adapted to resolving the issue of whether plaintiff was discharged as a result of her activities protected under the RLA.

Although the issue is a close one, we find that a jury is suited to making a determination on the issues of the case. The problem of conflicting decisions exists in all cases which are tried to a jury. Thus, the third factor outlined in *Ross* weighs in favor of a jury trial.

### III.

### CONCLUSION

Of the three factors outlined in *Ross*, two weigh against the availability of a jury trial. Additionally, the most important factor of whether legal or equitable remedies are sought, weighs against permitting a jury trial. Accordingly,

IT IS ORDERED:

(1) Defendant's motion to strike jury demand is GRANTED. This case shall be tried before the court.

(2) Plaintiff's motion for leave to file first amended complaint is DENIED.

(3) Plaintiff's request for exemplary damages is STRICKEN.