Richard **HODGES,** Charles L. James, William Nicholson, Juan Plaza, Jose Soto, Michael Wilson and Local 851, International Brotherhood of Teamsters, Plaintiffs,

v.

**VIRGIN ATLANTIC AIRWAYS, LTD., Defendant.**

No. 88 Civ. 1370 (LLS).

United States District Court, S.D. New York.

April 20, 1988.

---

Stephen H. Kahn, New York City, for plaintiffs.

Baer Marks & Upham, New York City (Michael Delikat, of counsel), for defendant.

## OPINION AND ORDER

STANTON, District Judge.

Plaintiffs claim that defendant discharged them in violation of the Railway Labor Act ("RLA"), 45 U.S.C. § 152, Third and Fourth, because of their union activities. They seek injunctive relief, reinstatement, back pay, punitive damages and costs. Defendants move to strike plaintiffs' jury demand on the ground that plaintiffs' claims for relief are equitable in nature. The motion is granted.

## DISCUSSION

■ The RLA does not specifically provide a right to a jury trial, so plaintiffs must rely on the seventh amendment to the United States Constitution. *Maas v. Frontier Airlines, Inc.,* 676 F.Supp. 224 (D.Colo.1987). That amendment's preservation of the right to a jury trial applies to statutory legal rights and legal remedies. *Curtis v. Loether,* 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974). "[T]he 'legal' nature of an issue is deter-mined by considering, first, the pre-merger custom with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries." *Ross v. Bernhard,* 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 738 n. 10, 24 L.Ed.2d 729 (1970); *see also Maas,* 676 F.Supp. at 225.

■ The two courts that have considered the issue both held that there is no right to a jury trial in a wrongful termination action under the RLA. *Maas v. Frontier Airlines, Inc.,* 676 F.Supp. 224 (D.Colo. 1987); *Brady v. Trans World Airlines, Inc.,* 196 F.Supp. 504 (D.Del.1961). Plaintiffs argue that these cases are inconsistent with the holding of *Curtis v. Loether* that the seventh amendment preserves the right to a jury trial in actions enforcing statutory rights when the statute creates legal rights and remedies. They also challenge the holding in *Maas* that punitive damages are not allowable under the RLA. These arguments are unpersuasive.

It is important to remember that the RLA makes no grant of a private right of action for vindication of its provisions. Rather, its emphasis is on the negotiation and mediation of disputes (§§ 151a, 152 First, Second, Sixth, Eighth, Ninth), with violations by carriers to be prosecuted as misdemeanors by the United States Attorney General (§ 152 Tenth). The civil function of the court was to enforce the Congressional command, *Virginian Ry. v. Federation,* 300 U.S. 515, 545, 57 S.Ct. 592, 598, 81 L.Ed. 789 (1937), by directing the defendant to perform the statutory obligation. *Id.* at 550, 57 S.Ct. at 600. Its office was primarily prevention by injunctions against violations of the statute; the adjudication of private wrongful discharge claims seems to have been ancillary. *See generally Lewy v. Southern Pacific Transp. Co.,* 799 F.2d 1281, 1291 (9th Cir. 1986); *Roscello v. Southwest Airlines Co.,* 726 F.2d 217, 220 n. 2 (5th Cir.1984); *Adams v. Federal Express Corp.,* 547 F.2d 319, 321–22 (6th Cir.1976), *cert. denied,* 431 U.S. 915, 97 S.Ct. 2177, 53 L.Ed.2d 225; *Louisville & Nashville R.R. Co. v. Brown,* 252 F.2d 149, 155 (5th Cir.), *cert. denied,* 356 U.S. 949, 78 S.Ct. 913, 2 L.Ed.2d 843

(1958). Recognizing this marked historical bias toward court intervention primarily for the traditionally equitable purpose of directing specific performance of a duty, we turn to the narrower classification of the nature of the claim.

## 1. The Customary Manner of Trying the Cause

The first consideration is whether the claim would have been tried to a jury before the merger of law and equity. *Maas*, 676 F.Supp. at 225–26, held that this factor weighs against a jury trial, stating

> The rights and duties involved in the alleged unfair labor practice of discrimination based on union activity had no common law counterpart triable by a jury before the merger of law and equity. *Brady v. Trans World Airlines, Inc.*, 196 F.Supp. 504, 507–08 (D.Del. 1961). The few courts which have found the existence of a common law counterpart in a labor case did so for other types of labor violations. *See Cox v. C.H. Masland & Sons, Inc.*, 607 F.2d 138, 143 (5th Cir.1979) (An exclusive bargaining agent's duty of fair representation under the National Labor Relations Act, 29 U.S.C. §§ 141–187, is comparable to the common law tort of breach of a duty of fair representation); *Quinn v. DiGiulian*, 739 F.2d 637, 645–46 (D.C.Cir.1984) (Claim for damages under the Bill of Rights of the Labor Management Reporting and Disclosure Act, 29 U.S.C. 401, *et seq.*, sounds in tort).

Plaintiffs argue that their claim is a legal one analogous to a tort, citing *Roscello v. Southwest Airlines Co.*, 726 F.2d 217 (5th Cir.1984). *Roscello*, holding that a jury must decide a suit against a union for failure to render fair representation under the RLA, addressed a situation in which only money damages were available. Quite different is this case, where the primary relief sought is reinstatement.

Thus, this factor indicates a nonjury trial. *Curtis v. Loether* is not to the contrary, for the statute it involved specifically created a right to money damages. 415 U.S. at 197, 94 S.Ct. at 1010.

## 2. The Type of Remedy Sought

The complaint states that "This is an action for injunctive and other equitable relief, including back wages and reinstatement ..." Plaintiffs seek an injunction restraining defendant from interfering with its employees' choice of a union representative, reinstatement, lost wages and benefits, costs and punitive damages. They seek publication of the injunction at their place of employment. Clearly, the injunction and its publication are equitable remedies. *United States v. Louisiana*, 339 U.S. 699, 706, 70 S.Ct. 914, 917–18, 94 L.Ed. 1216 (1950); *Paradise Valley Investigation and Patrol Services, Inc. v. United States District Court*, 521 F.2d 1342 (9th Cir.1975).

Plaintiffs claim, however, that their demands for back pay and punitive damages are legal remedies that entitle them to a jury trial.

RLA actions to remedy wrongful terminations due to union activities, with their basis in requiring statutory compliance, are analogous to Title VII actions, which remedy wrongful terminations due to race, sex or national origin. Back pay is incidental to reinstatement; together they comprise "a form of restitution, clearly an equitable remedy." *Travers v. Corning Glass Works*, 76 F.R.D. 431, 434 (S.D.N.Y.1977) (Weinfeld, J.). In this context, reinstatement and back pay are equitable remedies. *See Maas*, 676 F.Supp. at 226, *Brady v. Trans World Airlines, Inc.*, 196 F.Supp. at 507.

This leaves plaintiffs' claim for punitive damages. The availability of punitive damages is not free from doubt. *Compare Maas* (holding that the weight of authority is that punitive damages are not available) with *Brown v. World Airways, Inc.*, 539 F.Supp. 179 (S.D.N.Y.1982) (plaintiff had been reinstated; back pay alone would not be a sufficient deterrent).

The mere fact that plaintiffs seek punitive damages does not change the nature of their claim to a legal one. *See Lynch v. Pan American World Airways, Inc.*, 475

F.2d 764, 765 (5th Cir.1973) (citations omitted):

A claim for reinstatement is equitable in nature. The imposition of monetary damages to make the employee whole for lost backpay does not change the character of the proceeding and thereby mandate a jury trial. Neither may the Plaintiff—by framing his prayer under § 1981 or by making unsupported allegations for compensatory and punitive damages—unilaterally alter the genre of the proceeding.

Therefore, the second factor weighs against a jury trial.

### 3. Suitability of a Jury to Decide the Claim

The issue in this case is whether plaintiffs were discharged because of their union activities or because defendant suffered business reversals. This is the sort of question that juries typically decide, and a jury decision would in no way hamper the court in fashioning or limiting injunctive relief. This factor favors a jury trial. However, in light of the foregoing discussion, it is not decisive.

### CONCLUSION

Defendant's motion to strike plaintiffs' jury demand is granted.