**Georgine P. TIPTON, Plaintiff,**

**v.**

**ASPEN AIRWAYS, INC., Defendant.**

**Civ. A. No. 89–B–1265.**

United States District Court,
D. Colorado.

Aug. 3, 1990.

Robert A. Zupkus, Stefan Kazmierski, Denver, Colo., for plaintiff.

James E. Hautzinger, Leslie K. Lubell, Arthur T. Voss, Denver, Colo., Paul D. Jones, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Before me are defendant Aspen Airways' (Aspen) motions to dismiss plaintiff's second and third claims, to strike plaintiff's jury demand, and to strike plaintiff's claim under the Colorado Labor Peace Act. The motions have been briefed adequately and oral argument waived. Aspen's motion to dismiss plaintiff's second and third claims is granted without prejudice because state issues pervade over federal issues and the potential for jury confusion is great. Also, Aspen's motion to strike plaintiff's jury demand is granted because there is no right to a jury trial under the Railway Labor Act (RLA), 45 U.S.C. §§ 151–188 (1982). Finally, Aspen's motion to strike plaintiff's claim under the Colorado Labor Peace Act (CLPA), §§ 8–2–102 and 8–3–101, 3B C.R.S. (1986) is granted because the RLA, in the narrow context of this case, preempts the CLPA.

Plaintiff Georgine P. Tipton (Tipton) brings claims against Aspen under the RLA alleging that she was discharged for her attempts to unionize Aspen's employees. Tipton invokes jurisdiction under 28 U.S.C. §§ 1331 and 1337. Tipton also alleges that her retaliatory discharge violates her right to promote union activity as protected by the CLPA. Additionally, Tipton seeks pendent jurisdiction over her second claim for breach of contract and third claim for intentional infliction of emotional distress.

### I. Pendent Jurisdiction

Pendent jurisdiction exists over state claims where, as here, a federal claim has substance sufficient to confer jurisdiction on a federal court and the state and federal claims derive from a common nucleus of operative facts such that a plaintiff would be expected to try all the claims in one judicial proceeding. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). In exercising its discretion whether to retain pendent jurisdiction, a court should weigh the following factors: judicial economy; convenience and fairness to the litigants; availability of a surer-footed reading of the applicable law in state court; whether state issues substantially predominate over federal issues in terms of proof, scope of issues, or comprehensiveness of remedies; and the likelihood of jury confusion. *Gibbs*, 383 U.S. 726–27, 86 S.Ct. at 1139. After weighing these four factors, I deny pendent jurisdiction over Tipton's second and third claims.

Here, as in most cases, judicial economy and convenience may be advanced by resolving all of Tipton's claims in one court. Also, I perceive no difficulty in applying Colorado law to Tipton's breach of contract and emotional distress claims. The predominance of state issues and the resulting potential for jury confusion, however, outweigh these factors that tend to favor retaining pendent jurisdiction.

Tipton argues that state issues do not predominate over federal issues because the same remedies are available for her RLA and state claims. She contends that, under the RLA, compensatory and punitive damages are available to a plaintiff who, like her, is not represented by a union that can protect her interests through collective bargaining or other methods. *See, Brown v. World Airways, Inc.*, 539 F.Supp. 179, 181 (S.D.N.Y.1982); *Belton v. Air Atlanta, Inc.*, 647 F.Supp. 28, 32 (N.D.Ga.1986); *International Ass'n of Machinist and Aerospace Workers v. Northwest Airlines, Inc.*, 112 Lab.Cas. (CCH) ¶ 11,447 (D.Minn.1988).

Compensatory and punitive damages are, at law, awardable in Colorado for intentional infliction of emotional distress and compensatory damages may be recovered for breach of contract. *See Mortgage Fi-*

*nance, Inc. v. Podeleski,* 742 P.2d 900 (Colo.1987). However, such extensive relief is unavailable under the RLA. *Maas v. Frontier Airlines, Inc.,* 676 F.Supp. 224, 227 (D.Colo.1987) (The only relief under the RLA is equitable in nature). Punitive damages are not recoverable for an RLA claim because they frustrate the RLA's remedial purpose. *International Brotherhood of Electrical Workers v. Foust,* 442 U.S. 42, 52, 99 S.Ct. 2121, 2127, 60 L.Ed.2d 698 (1979). Also, it would be anomalous to subject railroads and airlines to punitive damages when they are not applicable against other industries under other labor statutes. *Brotherhood of Railway Carmen v. Delpro Co.,* 579 F.Supp. 1332, 1337 (D.Del.1984). Therefore, the relief obtainable for Tipton's state claims is more comprehensive than that allowed for her RLA claim.

Likewise, Tipton's emotional distress claim raises issues of fact and law that have no bearing on her claim that an anti-union animus prompted her discharge. Moreover, to sustain her breach of contract claim Tipton must show that Aspen breached the employment agreement and the policies contained in the employee handbook. The scope of issues raised by, and evidence submitted to prove, these claims will have little bearing on Tipton's RLA claim.

Also, the jury could find that Tipton was terminated without cause, thereby creating a breach of contract. Conversely, the court, in deciding Tipton's RLA claim, could find that Tipton failed to demonstrate that an anti-union sentiment motivated her termination, thereby implying that there was just cause for her termination. This potential for inconsistent findings of fact further warrants denial of pendent jurisdiction.

Finally, the potential for jury confusion exists because of the intermingling of evidence at trial that will result from Tipton's attempt to prove her RLA, breach of contract and emotional distress claims. If, to avoid such confusion, the state claims were bifurcated, the attendant benefits of judicial economy and convenience would be lost.

Accordingly, because predominance of state issues and potential for jury confusion outweigh considerations in favor of pendent jurisdiction, I decline to exercise pendent jurisdiction over Tipton's state claims. *Bath v. NAIA,* 843 F.2d 1315, 1317 (10th Cir.1988); *Hensman v. Adams County Dept. of Social Services,* 623 F.Supp. 96, 98 (D.Colo.1985).

## II. Preemption

Whether the RLA preempts the CLPA is a question of congressional intent. *Allis–Chalmers, Corp. v. Lueck,* 471 U.S. 202, 208, 105 S.Ct. 1904, 1909, 85 L.Ed.2d 206 (1985). Congressional intent can be determined from:

    a.) whether Congress explicitly stated that federal law preempts state law;

    b.) whether state law conflicts with federal law;

    c.) whether state law frustrates a scheme of federal regulation; or

    d.) whether, after analyzing the totality of the circumstances, the court determines that Congress sought to occupy this field of law to the exclusion of the States.

*Lueck,* 471 U.S. at 208–209, 105 S.Ct. at 1909–10; *Fidelity Federal S & L Ass'n v. de la Cuesta,* 458 U.S. 141, 152–53, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982).

Factors helpful in determining an intent to occupy a field of law to the exclusion of the states are:

    a.) whether the scheme of federal regulation is so pervasive that it reasonably can be inferred that Congress left no room for states to supplement it;

    b.) whether the act touches a field in which the federal interests are so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject; or

    c.) whether the object sought to be obtained by federal law and the character of obligations imposed by it reveal the same purpose.

*Fidelity Federal S & L Ass'n,* 458 U.S. at 153, 102 S.Ct. at 3022.

■ Congress did not explicitly preempt state regulation in the RLA. Also, the

CLPA does not conflict with the RLA. Indeed, the CLPA and RLA protect the same activities and provide redress for the same wrongs. Although the CLPA does not frustrate directly the RLA's scheme of federal regulation, however, I conclude that the RLA preempts the CLPA in railroad and aviation labor disputes.

The RLA is narrower in scope than the CLPA. It regulates labor disputes in the railroad and aviation industries. Congress devised a special statute to cover labor relations in these specific, yet nationwide industries, rather than sweep them under the auspices of other general federal labor statutes. This congressional action creates a reasonable inference that Congress left no room for the states to supplement this law.

The nationwide scope of the rail and aviation industries provides a compelling reason for exclusive federal labor regulation of these industries. Recognizing the potential for nationwide interruption of rail and aviation service caused by rail and aviation labor disputes Congress enacted the RLA to create a nationwide scheme for resolving quickly labor disputes in these industries. *Robinson v. Pan American World Airways*, 777 F.2d 84, 87 (2d Cir.1985); *Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 927 (1st Cir.1983). And, given the implications attendant to the nationwide scope of these industries, it is desireable and beneficial to seek quick and uniform resolution of labor disputes under the RLA. *Robinson*, 777 F.2d at 87. Again, this end is best achieved through federal rather than state regulation. *See, Robinson*, 777 F.2d at 87–88. Therefore, I conclude the RLA preempts the field of railroad and aviation labor disputes because federal interests dominate this field.

### III. Right to a Jury

 With only Tipton's RLA claim remaining, Aspen's motion to strike Tipton's jury demand is granted because she is limited to equitable remedies under the RLA. *Hodges v. Virgin Atlantic Airways, Ltd.*, 714 F.Supp. 75, 77–78 (S.D.N.Y.1988); *Maas*, 676 F.Supp. 224.

Accordingly IT IS ORDERED that:

1. Tipton's second claim for breach of contract and third claim for intentional infliction of emotional distress are DISMISSED WITHOUT PREJUDICE;

2. Aspen's Motion to Strike Tipton's claim under the Colorado Labor Peace Act is GRANTED and;

3. Aspen's Motion to Strike Plaintiff's Jury Demand is GRANTED.