WILLIAM T. CRENSHAW, Plaintiff-Appellant, v. DeVRY, INC., Successor to Bell & Howell Education Group, Inc., *et al.*, Defendants-Appellees.

First District (5th Division)   No. 87—1622

Opinion filed June 24, 1988.

R. B. Perkins, of Chicago, for appellant.

Steven P. Handler and Mark E. Shure, both of McDermott, Will & Emery, of Chicago, for appellees.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiff William T. Crenshaw appeals from the trial court's entry of summary judgment for defendants, DeVry, Inc. (DeVry), and William Van de Linde, in an employee termination case based on the following facts.

Plaintiff had been employed as a field representative by DeVry, an operator of trade and technical schools, since 1975. A field representative's duties include contacting prospective students (leads) and explaining the school's programs to them. In 1975, plaintiff was assigned the north side of Chicago as his territory, succeeding Van de Linde, who then became plaintiff's supervisor. During the years 1975 through 1980, plaintiff was one of DeVry's top field representatives. Plaintiff did not work for three months in 1981 due to an automobile accident. While he was absent, a field representative without an assigned territory (floater) covered his territory, which was returned to plaintiff when he went back to work. Plaintiff then performed at the same high level as he had for the previous years.

However, in the second quarter of 1982, plaintiff's performance declined substantially resulting in his being reassigned to a floater position in October of that year. In January 1983, plaintiff signed a new employment contract with DeVry which contained similar provisions as were in his previous contracts, i.e., (1) "[t]he terms and conditions of employment of the Representative shall be such as the Company may assign"; (2) the agreement "may be terminated by either party at any time immediately upon oral or written notice to the other"; and, by incorporation, (3) failure to meet minimum standards "is cause for placement on probationary status."

Around the end of May 1983, plaintiff told Van de Linde that he would be resigning on or about July 11. In the middle of June, Van de Linde told plaintiff that he was being terminated effective June 27. After consultation with plaintiff's attorney, DeVry agreed to give plaintiff the same bonus, profit sharing, and vacation pay that he would have received had he resigned on July 11. Subsequently, plaintiff filed a five-count complaint against defendants, alleging age discrimination and wrongful termination based on breach of contract. The trial court dismissed the age discrimination counts for lack of subject matter jurisdiction. It granted defendants' motion for summary judgment on the remaining counts after finding that plaintiff had resigned from his job. Plaintiff is appealing only from the summary judgment portion

of the order.

On appeal, plaintiff contends that issues of fact exist concerning his discharge and resultant damages that would preclude summary judgment. He alleges that the question as to whether he resigned or was discharged was a material fact to be determined by a jury. He also claims that defendants had an established personnel policy of placing employees on probation before termination, which policy was not followed in his case.

■ Plaintiff asserts that the standard applicable to the granting of summary judgment is whether the evidence, when viewed in the light most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict can stand. However, this standard reflects Illinois law for directed verdicts. (See *Darnell v. Impact Industries, Inc.* (1985), 105 Ill. 2d 158, 473 N.E.2d 935.) An order granting summary judgment is proper only if the pleadings, affidavits, and depositions reveal that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005; *Powers v. Delnor Hospital* (1986), 148 Ill. App. 3d 844, 499 N.E.2d 666.) Utilizing this latter standard, we must affirm the entry of summary judgment for defendants in the present case.

■ If an employment agreement does not specify a definite duration, it will last as long as is mutually satisfactory and either party can terminate the employment at will without liability for breach of contract. (*Martin v. Federal Life Insurance Co.* (1982), 109 Ill. App. 3d 596, 440 N.E.2d 998.) Terminable at will contracts generally permit termination for any reason, good cause or not, or no cause at all. (*Alderman Drugs, Inc. v. Metropolitan Life Insurance Co.* (1987), 161 Ill. App. 3d 783, 515 N.E.2d 689.) This right to terminate is subject to limitation by the relatively new tort of retaliatory discharge (see *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353), which is not applicable to our case.

■ The contract at issue expressly provided that it could be terminated by either party upon oral or written notice at any time. In his deposition, plaintiff admits that he orally told Van de Linde that he would be resigning on or around July 11. Plaintiff also stated that he never changed his mind about quitting. Although he states later in his deposition that he was considering continuing in the position for an indeterminate time, the record indicates that this equivocation was never communicated to his employer. Therefore, by his oral notice given around the first of June, plaintiff terminated the contract, to be effective July 11. That the employer several weeks later accelerated the effective date by two weeks does not negate the fact that plaintiff

was the first terminator. Thus, there could be no breach by defendants' subsequent termination. This conclusion is buttressed by the fact that defendants gave, and plaintiff accepted, all compensation and benefits due him up to July 11. Moreover, given these circumstances, plaintiff has failed to allege damages compensable under Illinois law.

Plaintiff's next contention that defendants had established a policy of probation before termination also lacks merit. Plaintiff relies on a line of cases that binds an employer to terms in an employee policy manual. (See *Duldulao v. St. Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 505 N.E.2d 314.) There is no question that plaintiff's employment contract incorporated a document regarding a representative's duties and which provided that failure to meet certain standards of productivity "is cause for placement on probationary status." Plaintiff claims that, therefore, by its terms, the contract required probation before dismissal; he also presented evidence of other representatives having been placed on probation when their performance was unsatisfactory. He further demonstrated that a provision in the employer's regional manager guidelines mandated probation. Defendants argue that the probation provision was discretionary.

■■ The construction of a contract and its legal effect present questions of law that may be independently determined by a reviewing court. (*Schwarze v. Solo Cup Co.* (1983), 112 Ill. App. 3d 632, 445 N.E.2d 872.) Whether the provision of a contract is ambiguous is also a matter of law for the court, and contract language is not ambiguous merely because the parties do not agree as to its meaning. (*Aqua-Aerobic Systems, Inc. v. Ravitts* (1988), 166 Ill. App. 3d 168, 520 N.E.2d 67.) The term "is cause for placement on probationary status" is clearly discretionary language. There are no mandatory directives such as "must" or "will." (See *Lukasik v. Riddell, Inc.* (1983), 116 Ill. App. 3d 339, 452 N.E.2d 55.) Furthermore, an employer's guidelines for its supervisory personnel are immaterial in construing a contract between the employer and employee. In any event, plaintiff waived any alleged right to probation when he terminated the agreement.

In conclusion, the facts clearly indicate that no breach could have occurred since plaintiff had already orally terminated the contract, in accordance with its terms, when he informed his supervisor that he was resigning. Therefore, entry of summary judgment was proper and must be affirmed.

Affirmed.

LORENZ, P.J., and PINCHAM, J., concur.