**William P. FREIBURGER, Alfred R. Heikkinen, James A. McLaughry, Larry A. Slocum, and Vince L. Terrel,** Plaintiffs,

v.

**EMERY AIR CHARTER, INC., Defendant.**

No. 91 C 20159.

United States District Court, N.D. Illinois, W.D.

June 1, 1992.

David J. Brown, Rockford, Ill., for plaintiffs.

Elmer C. Rudy, Stephen E. Balogh, Timothy J. Rollins, Williams & McCarthy, Rockford, Ill., for defendant.

## ORDER

REINHARD, District Judge.

### Introduction

William P. Freiburger, Alfred R. Heikkinen, James A. McLaughry, Larry A. Slocum, and Vince L. Terrel, plaintiffs, filed a five-count amended complaint against Emery Air Charter, Inc., defendant. Count I claims that plaintiffs were terminated for participating in union organizing activity in violation of the Railway Labor Act, 45 U.S.C. § 151(a)(2). Counts II through V are supplemental state claims. Count II alleges retaliatory discharge based on plaintiffs' union organizing activity. Count III is brought solely by McLaughry and alleges retaliatory discharge based on McLaughry's refusal to falsify Federal Aviation Administration (FAA) documents for defendant. Count IV is also brought solely by McLaughry and alleges breach of contract. Count V is brought solely by Freiburger and alleges defamation.

Defendant has filed a motion to dismiss and to strike. The motion appears to be brought pursuant to both Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 12(b)(1). Defendant contends that plaintiffs have failed to state a claim as to Counts II through V. Defendant also contends that this court lacks jurisdiction over Counts III through V. Defendant's motion to strike is directed

at plaintiff's request for punitive damages and a demand for a jury trial in Count I.

### Facts

Plaintiffs are all former employees of defendant. According to plaintiffs, no collective bargaining agreement existed between plaintiffs and defendant. On September 8, 1990, plaintiffs participated in efforts to elect the International Brotherhood of Teamsters as their collective bargaining representative. On January 25, 1991, defendant learned of plaintiffs' union activities and discharged plaintiffs.

Plaintiff McLaughry also alleges that John C. Emery approached him and requested him to sign FAA documents certifying that he had performed certain training when he had, in fact, not performed such training. McLaughry alleges that his refusal to falsify the FAA records resulted in his termination.

According to plaintiff McLaughry, on December 27, 1988, he entered into an employment contract with defendant. This employment agreement was to run indefinitely. On January 25, 1991, Emery told McLaughry that he was terminated as a result of economic problems.

Plaintiff Freiburger also alleges that after he was terminated, he was offered employment with Crescent Aviation on July 15, 1991. On July 11, 1991, John Georgen, an agent of defendant, spoke with Jay Kiernan, the chief pilot of Crescent Aviation. Georgen told Kiernan that Freiburger was involved in a lawsuit with defendant involving unionizing defendant's employees and that "it was a mistake to hire him." On August 5, 1991, Georgen telephoned Kiernan and informed him that Freiburger would "most likely push a union on Crescent Aviation, that plaintiff [Freiburger] was a troublemaker and the main instigator in the lawsuit against [defendant], and that if he knew that ... Kiernan was going to have hired the plaintiff [Freiburger] he would have called the Vice–President of Crescent Aviation, William Schmid, to have overridden the poor decision to hire such a person."

### Contentions

Defendant contends that Counts II through V should be dismissed for failure to state a cause of action pursuant to Fed.R.Civ.P. 12(b)(6). Defendant also contends that Count II is preempted by federal law. Defendant contends that Counts III through V, all supplemental state claims, should be dismissed for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) because these actions and the count which gives this court jurisdiction do not evolve from a common nucleus of operative facts. Finally, defendant contends that plaintiffs' request for punitive damages and a jury trial in Count I should be stricken.

Plaintiffs contend that they have adequately stated a claim in Counts II through V. Plaintiffs also contend that this court has supplemental jurisdiction of Counts III through V because the actions involve a common nucleus of operative facts. Finally, plaintiffs contend that their requests for punitive damages and a jury trial are proper.

### Discussion

#### A. *12(b)(1) Motion*

Defendant's motion to dismiss is based on Fed.R.Civ.P. 12(b)(6) and 12(b)(1). There are important distinctions between a motion to dismiss under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). *See Shockley v. Jones*, 823 F.2d 1068, 1072–73 (7th Cir. 1987). Because Fed.R.Civ.P. 12(b)(1) challenges the jurisdiction of the court, it must be addressed first. *See Crawford v. United States*, 796 F.2d 924, 928 (7th Cir.1986).

There are two types of challenges to jurisdiction which may be made: first, a facial attack that the allegations of jurisdiction in the pleadings are facially insufficient to demonstrate the existence of jurisdiction; and second, a factual attack challenging the truth of the jurisdictional facts plaintiff alleged in the pleadings. 2A Moore's Federal Practice ¶ 12.07[2.–1] at 12–46, –47. In the first type of jurisdictional challenge, the standard applied to a 12(b)(1) motion is similar to the standard applied to a 12(b)(6) motion, *Brown v. Keystone Consolidated Industries, Inc.*, 680

F.Supp. 1212, 1215 (N.D.Ill.1988); namely, the court must take all of plaintiff's allegations as true and must view them, along with all reasonable inferences therefrom, in the light most favorable to plaintiff, *Orchard Hills Cooperative Apartments, Inc. v. Resolution Trust Corp.*, 779 F.Supp. 104, 106 (C.D.Ill.1991); 2A Moore's Federal Practice ¶ 12.07[2.–1] at 12–46, –47. In the second type of jurisdictional challenge, the court may look beyond the face of the plaintiff's complaint to resolve the factual dispute, *Rennie v. Garrett*, 896 F.2d 1057, 1057–58 (7th Cir.1990), and weigh the conflicting evidence in arriving at the factual predicate upon which to base the legal conclusion that subject matter jurisdiction exists, *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir.1979). This case involves the first type of jurisdictional challenge, and therefore, this court will apply that standard.

Defendant contends that Counts III through V should be dismissed for lack of jurisdiction because the claims do not derive from a common nucleus of operative fact as Count I, which is the basis for jurisdiction in this case. Defendant has recognized that "pendent jurisdiction" has been codified as "supplemental jurisdiction" pursuant to 28 U.S.C. § 1367(a). Plaintiff contends, however, that this court may only consider the language of the statute and not "precode cases." It appears that plaintiff is arguing that § 1367(a) expanded federal court's jurisdiction.

In *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Court articulated the analysis used to determine when a federal court may exercise jurisdiction over pendent state law claims when it has jurisdiction over a federal claim arising out of similar facts. Under *Gibbs*, the relationship between the state claim and federal claim permits the conclusion that there is one constitutional case before the court, thereby granting jurisdiction which could be exercised, when the state and federal claims

derive from a common nucleus of operative fact and the plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding. *Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138. Both of the requirements must be met for jurisdiction to exist. 13B Wright, Miller & Cooper, Federal Practice and Procedure § 3567.1 at 116 (2d ed. 1984).

Section 1367(a) states, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367(a) codifies the scope of supplemental jurisdiction articulated by the Court in *Gibbs*. Judicial Improvements Act of 1990, 8 U.S.C.Cong. & Admin.News at 6875 n. 15 (1990).

Although the language may differ between the statute and prior case law, this court believes that § 1367(a) neither expanded nor contracted the scope of pendent jurisdiction.[1] Therefore, § 1367(a) does not preclude a district court from considering case law prior to the effective date of the statute, and this court will consider the *Gibbs* analysis to determine if supplemental jurisdiction exists.

There appears to be a split of opinion as to how easily the *Gibbs* analysis is applied. *Compare* Matasar, Rediscovering "One Constitutional Case": Procedural Rules and the Rejection of the *Gibbs* Test for Supplemental Jurisdiction, 71 Calif.L.Rev. 1401, 1448 (1983) ("common nucleus of operative fact" has been given several different interpretations, ranging from requiring near identity between the facts making up the claims to only a loose logical relationship between the claims) *with* 13B Federal Practice and Procedure § 3567.1 at 117 (the question of a court's power to hear a pendent claim has not given subsequent courts much difficulty). This court was unable to find any Seventh Circuit Court of Appeals case law explaining whether the

---

1. Section 1367, however, expanded jurisdiction for "claims that involve the joinder or intervention of additional parties" (pendent party jurisdiction). *See American Pfauter v. Freeman Decorating Co.*, 772 F.Supp. 1071, 1073 (N.D.Ill.1991).

facts involved in the state claim need be only loosely connected to the federal claim or whether the facts in both the state and federal claims require a near identity. In the absence of any authority from the Seventh Circuit, this court believes that only a loose factual connection between the claims is required. *See Doe v. Bobbitt,* 682 F.Supp. 388, 389 (N.D.Ill.1988) citing 13B Federal Practice and Procedure § 3567.1 at 117.

Defendant contends that Counts III through V do not derive from a common nucleus of operative fact with Count I because they involve a different time frame and Counts III through V are separately maintainable without any reference to the facts alleged in Count I, citing *Nicol v. Imagematrix, Inc.,* 767 F.Supp. 744 (E.D.Va.1991). Plaintiffs contend that all of the claims involve the termination of their employment with defendant.

### 1. Count III

■ Count III alleges retaliatory discharge based on McLaughry's termination for his refusal to falsify FAA forms. Although both Count I and III allege the same tort, they do not arise out of a common nucleus of operative fact. The facts alleged pertinent to Count I are that plaintiffs were involved in union organizing activity and were terminated for that activity. Except for the fact that McLaughry was terminated, there are no common facts between Count I and Count III. This court notes that plaintiffs have not even realleged or incorporated in Count III any of the facts alleged in Count I. Therefore, this court lacks jurisdiction over Count III, and defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction is granted.

### 2. Count IV

■ Count IV alleges that defendant breached its employment contract with McLaughry. Count IV realleges and incorporates some of the allegations in Count I which intimates that the contract was breached for the reasons alleged in Count I. *Cf. Sanders v. Duke University,* 538

F.Supp. 1143, 1148 (M.D.N.C.1982) (suggesting that state claim for breach of contract was not pendent to age discrimination claim when state claim did not allege that contract was breached because of plaintiff's age).

Defendant relies on *Bilka v. Pepe's Inc.,* 601 F.Supp. 1254 (N.D.Ill.1985) for the proposition that the breach of contract claim is not supplemental to the federal claim in Count I. In *Bilka,* the plaintiff brought a Title VII claim based on national origin and a separate count against defendant for breach of contract for failure to give plaintiff a 10% raise, and the court found that the state claim was not pendent. *Bilka,* 601 F.Supp. at 1256. *Bilka* is distinguishable because there was no apparent showing that the breach of contract was based on plaintiff's national origin; whereas, in this case, it appears that plaintiff McLaughry is alleging that the breach of contract was based on plaintiff's union organizing activities.

Count IV and Count I are based on a common nucleus of operative fact. Therefore, this court has supplemental jurisdiction of Count IV, and defendant's motion to dismiss Count IV pursuant to Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction is denied. Defendant contends that even if this court finds that it has supplemental jurisdiction, it has discretion to exercise that jurisdiction, citing *Giardono v. Jones,* 867 F.2d 409 (7th Cir.1989). In this case, this court chooses to exercise its supplemental jurisdiction over Count IV, there being no basis to decline such jurisdiction for any of the reasons set forth in § 1367(c).

### 3. Count V

■ Count V alleges that defendant defamed plaintiff Freiburger. According to Count V, all of the allegedly defamatory statements were made between July 11, 1991 and August 5, 1991. Defendant terminated plaintiffs, including Freiburger, on January 25, 1991, about six months prior to the statements. When events which constitute plaintiff's federal claim occur prior to those which constitute the state law claim, the court does not have pendent jurisdic-

tion. *Sanders*, 538 F.Supp. at 1148. Further, the operative facts involved in Count V, the defendant's agent's statements, do not derive from the operative facts in Count I. Therefore, because there is no common nucleus of operative facts, this court lacks subject matter jurisdiction over Count V, and defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) is granted as to Count V.

### B. *12(b)(6) Motion*

■ In analyzing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), this court will not dismiss a complaint unless it is clear there is no set of facts that a plaintiff could prove consistent with the pleadings that would entitle him or her to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Murphy v. Lane*, 833 F.2d 106, 107 (7th Cir.1987). The court will accept all well-pleaded factual allegations in the complaint as true. *Vaden v. Village of Maywood*, 809 F.2d 361, 363 (7th Cir.1987). In addition, this court will view the allegations in a light most favorable to the non-moving party. *Wolfolk v. Rivera*, 729 F.2d 1114, 1116 (7th Cir.1984). However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness. 2A Moore's Federal Practice ¶ 12.07 [2.–5] at 12–63, –64.

### 1. Count II

■ Defendant contends that Count II of plaintiffs' amended complaint fails to state a claim of retaliatory discharge.[2] To state a claim for retaliatory discharge under Illinois law, an employee must show that he was dismissed in retaliation for his activities, and that the dismissal was in contravention of a clearly mandated public policy. *Fellhauer v. City of Geneva*, 142

Ill.2d 495, 154 Ill.Dec. 649, 654, 568 N.E.2d 870, 875 (1991). Public policy can be found in the State's constitution, statutes and judicial decisions. *Palmateer v. International Harvester Co.*, 85 Ill.2d 124, 421 N.E.2d 876, 878 (1981). The mere citation to a constitutional or statutory provision in a complaint will not by itself be enough to sustain a cause of action for retaliatory discharge. *Fellhauer*, 142 Ill.2d at 505, 154 Ill.Dec. at 654, 568 N.E.2d at 875. The tort of retaliatory discharge is a limited and narrow cause of action. *Fellhauer*, 142 Ill.2d at 505, 154 Ill.Dec. at 654, 568 N.E.2d at 875. The Seventh Circuit has upheld the dismissal of a claim for retaliatory discharge when the plaintiff alleged he was terminated in violation of Illinois law for union organizing activity. *See Villegas v. Princeton Farms, Inc.*, 893 F.2d 919 (7th Cir.1990).

■ In this case, plaintiffs' mere citation to the Railway Labor Act is insufficient to show a cause of action for retaliatory discharge. This court may not endorse such a broad application of this tort. *See Sabich v. National Railroad Passengers Corp.*, 763 F.Supp. 989, 994 (N.D.Ill. 1991).

### 2. Count IV

As an alternative to its motion to dismiss Count IV, breach of contract, for lack of jurisdiction, defendant has moved that this count be dismissed pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim. Essentially, defendant contends that plaintiff McLaughry was an employee-at-will because as the amended complaint alleges, the "employment agreement was to run indefinitely." Plaintiff McLaughry contends that he was hired for a definite period; namely, "for as long as the defendant was engaged in the business of aviation and plaintiff McLaughry was able to perform his work satisfactorily."[3] This con-

---

**2.** Because of the determination of this issue on the 12(b)(6) motion to dismiss, this court need not address defendant's argument that retaliatory discharge of an employee not protected by a collective bargaining agreement is preempted.

**3.** Plaintiff has attached to his memorandum in opposition to defendant's motion to dismiss an affidavit, two receipts and part of a letter from defendant. However, because this court chooses not to consider the matters, the motion will not be treated as one for summary judgment.

tention is without merit for two reasons: first, the complaint specifically alleges that the agreement was to run indefinitely; and second, McLaughry's contention essentially argues that indefinitely is a definite period of time.

▆▆▆▆ Where no specific duration of employment is agreed upon, generally either party may terminate at will. *Lukasik v. Riddell, Inc.*, 116 Ill.App.3d 339, 72 Ill. Dec. 123, 127, 452 N.E.2d 55, 59 (1983). Further, when an employment agreement does not specify a definite duration, it will last as long as is mutually satisfactory and either party can terminate the employment at will without liability for breach of contract. *Crenshaw v. DeVry, Inc.*, 172 Ill. App.3d 228, 122 Ill.Dec. 215, 217, 526 N.E.2d 474, 476 (1988). An employer may discharge an employee-at-will for any reason or no reason. *Barr v. Kelso–Burnett Co.*, 106 Ill.2d 520, 88 Ill.Dec. 628, 630, 478 N.E.2d 1354, 1356 (1985).

Plaintiff McLaughry's amended complaint alleges that the employment agreement was to last indefinitely. Therefore, McLaughry was an employee-at-will who could be terminated for any reason. Defendant's motion to dismiss Count IV pursuant to Fed.R.Civ.P. 12(b)(6) is granted.

### C. *Motion to Strike*[4]

Defendant contends that plaintiffs' jury demand and request for punitive damages in Count I must be stricken. Although the jury demand and request for punitive damages are intertwined, the punitive damages issue will be addressed first.

▆▆▆▆ Defendant contends that punitive damages are not recoverable for actions alleging violations of the Railway Labor Act. Defendant relies on several cases, including *Brady v. Trans World Airlines, Inc.*, 196 F.Supp. 504, 506–07 (D.Del.1961) *aff'd* 401 F.2d 87 (3d Cir.1968); *Brotherhood Railway Carmen v. Delpro Co.*, 579 F.Supp. 1332, 1337 (D.Del.1984); and *Maas*

*v. Frontier Airlines, Inc.*, 676 F.Supp. 224, 226–27 (D.Colo.1987). Plaintiffs contend that those cases are distinguishable because, in this case, plaintiffs were not represented by a union and were not parties to a collective bargaining agreement. Plaintiffs rely on *Brown v. World Airways, Inc.*, 539 F.Supp. 179, 181 (S.D.N.Y.1982) which specifically holds that an employee who is not represented by a union or a party to a collective bargaining agreement may seek punitive damages for violations of the Railway Labor Act. *See also Belton v. Air Atlanta, Inc.*, 647 F.Supp. 28, 30 (N.D.Ga.1986).

This court chooses to follow *Brown* because the amended complaint specifically alleges that plaintiffs and defendant had not entered into a collective bargaining agreement. The case cited by defendant which contains the most detailed analysis is *Brotherhood of Railway Carmen v. Delpro Co.*, 579 F.Supp. 1332 (D.Del.1984). The *Delpro* court specifically distinguished *Brown* on the fact that the plaintiff in *Brown* was an unrepresented employee. *Delpro*, 579 F.Supp. at 1337 n. 8. Further, the rationale of *Delpro* is based on the balance of power between unions and management which is clearly not present in a case where the employee is not represented. Unlike the court in *Maas v. Frontier Airlines, Inc.*, 676 F.Supp. 224 (D.Colo. 1987), this court does not believe that *Brown* and the *Delpro* line of cases are in conflict; rather the cases are distinguishable on an important fact.

Defendant's motion to strike plaintiffs' request for punitive damages is denied. The determination that punitive damages may be recoverable affects the issue of whether plaintiffs' jury demand must be stricken.

▆▆▆▆ Defendant contends that plaintiffs are not entitled to a jury trial under the Railway Labor Act and attempts to distin-

---

*See* 2A Moore's Federal Practice ¶ 12.09[3] at 12–77.

**4.** Defendant has not labeled its motion to strike as a motion arising under Fed.R.Civ.P. 12(f). Because the motion seeks to strike a portion of

plaintiffs' amended complaint, it would be improper to proceed under Fed.R.Civ.P. 12(f), and this court will consider it as a "motion to strike" under 12(b)(6). *See* 5A Federal Practice and Procedure: Civil 2d § 1380 at 644–46.

guish *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990) by characterizing plaintiffs' request as equitable. Defendant's contention is without merit.

In *Terry*, the Supreme Court held a plaintiff suing a union for failing to provide fair representation is entitled to a jury trial and stated that generally money damages was the traditional form of relief offered in courts of law but an award of monetary relief is not necessarily legal relief. *Terry*, 110 S.Ct. at 1347; *see also Curtis v. Loether*, 415 U.S. 189, 197, 94 S.Ct. 1005, 1010, 39 L.Ed.2d 260 (1974) (punitive damages are traditionally legal remedies). For example, monetary damages are equitable relief when they are restitutionary or incidental to or intertwined with injunctive relief. *Terry*, 110 S.Ct. at 1348.

Defendant contends plaintiffs have sought back pay only in connection with their request for the "purely equitable remedy" of reinstatement. However, Count I clearly seeks more than just back pay in connection with reinstatement. Count I seeks "judgment against the defendant ... in the sum of $500,000, together with punitive damages in the amount of $500,000, together with reinstatement of their former positions as pilots with full backpay, seniority and other benefits and the costs and disbursements of this action." The monetary damages sought in Count I are not restitutionary nor are they incidental to injunctive relief. Therefore, defendant's motion to strike plaintiffs' jury demand is denied.

### Conclusion

For the foregoing reasons, defendant's 12(b)(1) motion to dismiss Count III and Count V is granted but denied as to Count IV. Defendant's 12(b)(6) motion to dismiss is granted as to Count II and Count IV. Defendant's motion to strike plaintiffs' request for punitive damages and demand for a jury trial is denied.