977 F.Supp. 357 (1997)
James L. LEUTHE
v.
OFFICE OF FINANCIAL INSTITUTION ADJUDICATION, Federal Deposit Insurance Corporation, Office of the Comptroller of the Currency, Office of Thrift Supervision, Federal Reserve Board and National Credit Union Administration.
Civil Action No. 96-CV-5725.
United States District Court, E.D. Pennsylvania.
September 8, 1997.
*358 Kevin T. Fogerty, Allentown, PA, James T. McHale, Scranton, PA, for James L. Leuthe.
James G. Sheehan, Nancy L. Griffin, U.S. Attorney's Office, Philadelphia, PA, National Credit Union Admin.
Aaron B. Kahn, Office of Thrift Supervision, Washington, DC, for Office of Thrift Supervision.
Douglas B. Jordan, Board of Governors of the Federal Reserve System, Washington, DC, for Board of Governors of Federal Reserve System.
Daniel H. Kurtenbach, F.D.I.C., Washington, DC, for F.D.I.C.
Joan Bernott, Ellen M. McElligott, Office of the Comptroller of the Currency, Washington, DC, for Office of the Comptroller of the Currency.

MEMORANDUM AND ORDER
JOYNER, District Judge.
This is an action for declaratory judgment pursuant to which plaintiff seeks to have this Court declare the current procedures for enforcement under the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") unconstitutional and illegal and the enforcement proceedings presently underway against him to be null and void. Defendants move to dismiss plaintiff's complaint in its entirety and/or for summary judgment. For the following reasons, defendants' motions to dismiss shall be granted.

BACKGROUND
Plaintiff, James L. Leuthe is a named respondent in two enforcement proceedings instituted by defendant Federal Deposit Insurance Corporation ("FDIC") pursuant to 12 U.S.C. § 1818 and which are presently pending before Administrative Law Judge Walter J. Alprin. According to plaintiff's complaint, *359 the office of Financial Institution Adjudication ("OFIA") is "an organization which functions as a federal agency ..." and is "charged with overseeing the administration of administrative enforcement proceedings." (Plaintiff's Complaint, ¶ s 6, 16). The gist of Mr. Leuthe's complaint is that OFIA was never properly created as a federal agency by Congress and thus, as Judge Alprin is actually an employee of OFIA and not the Office of Thrift Supervision ("OTS") or any of the other defendant agencies, he lacks the proper authority to conduct the enforcement proceedings against plaintiff.
Defendants do not dispute that OFIA is not a federal agency in and of itself.[1] OFIA was the response to Congress' directive in Section 916 of FIRREA, 12 U.S.C. § 1818 note, that "before the close of the 24-month period beginning on August 9, 1989, the appropriate Federal banking agencies ... and the National Credit Union Administration were to establish jointly their own pool of administrative law judges, and develop a set of uniform rules and procedures for administrative hearings ..." Thus, defendants submit, both of OFIA's Administrative Law Judges were properly appointed by OTS and they have the appropriate authority to act in the enforcement proceedings against plaintiff.

DISCUSSION
By way of the instant motions, defendants specifically contend (1) that plaintiff lacks both Article III and prudential standing to maintain this lawsuit; (2) that 12 U.S.C. § 1818(i) precludes this Court from exercising jurisdiction over this action; and (3) that the complaint fails to state a cause of action upon which relief may be granted. As we find that the district courts have been divested of jurisdiction over matters such as this one, we do not reach defendants' other arguments.

A. Standards Applicable to Motions to Dismiss

Federal Rule of Civil Procedure 12(b) permits the defenses of lack of jurisdiction over the subject matter and the failure to state a claim upon which relief may be granted to be made by motion. Fed.R.Civ.P. 12(b)(1), (6). When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot. In re Corestates Trust Fee Litigation, 837 F.Supp. 104, 105 (E.D.Pa.1993), aff'd. 39 F.3d 61 (3rd Cir.1994). See Also: Freiburger v. Emery Air Charter, Inc., 795 F.Supp. 253 (N.D.Ill. 1992).
A district court can grant a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on the legal insufficiency of the claim. But dismissal is proper only when the claim "appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous...." When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion. Kehr Packages, Inc. v. Fidelcor. Inc., 926 F.2d 1406, 1408-09 (3rd Cir.1991); Radeschi v. Commonwealth of Pennsylvania, 846 F.Supp. 416, 419 (E.D.Pa.1993).
Unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), when a party attacks the factual allegations of jurisdiction, the courts are not limited in their review to the allegations of the complaint. Any evidence may be reviewed and any factual disputes resolved regarding the allegations giving rise to jurisdiction as it is for the Court to resolve all factual disputes involving the existence of jurisdiction. Sitkoff v. BMW of North America, Inc., 846 F.Supp. 380, 383 (E.D.Pa.1994), citing Moore's Federal Practice (Second Ed.) at ¶ 12.07[2.-1]. In contrast, if the attack to jurisdiction is facial, that is, the allegations of jurisdiction stated in the complaint, the factual allegations of the complaint are presumed to be true and the complaint is reviewed to *360 ensure that each element necessary for jurisdiction is present. Id. Only if it appears to a certainty that the pleader will not be able to assert a colorable claim of subject matter jurisdiction may the complaint be dismissed under those circumstances. Kronmuller v. West End Fire Co. No. 3, 123 F.R.D. 170, 172 (E.D.Pa.1988). See Also: Mortensen v. First Federal Savings and Loan Association, 549 F.2d 884, 891 (3rd Cir.1977).

B. Jurisdiction under 12 U.S.C. § 1818

Applying the foregoing principles to the complaint here, at paragraph 12, plaintiff avers that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as he is challenging the legality and constitutionality of the employment of Administrative Law Judges to preside over administrative enforcement proceedings brought under the Federal Deposit Insurance Act/Financial Institutions Supervisory Act, as amended by FIRREA, 12 U.S.C. § 1818, et. seq. In further support of his claim of federal question jurisdiction, plaintiff alleges that "[p]ursuant to Section 916 of FIRREA, 12 U.S.C.A. Section 1818 note (Supp.1996), Congress purported to authorize the OCC, OTS, FDIC, FRB and NCUA to establish a pool of administrative law judges to handle financial institution administrative proceedings." (Complaint, ¶ 14).
The statutory scheme set out in FISA (as amended by FIRREA), grants federal agencies such as the Office of the Comptroller of the Currency, the Federal Deposit Insurance Corporation and the Federal Reserve Board wideranging supervisory and enforcement authority over the nation's banking system. Paul v. Office of Thrift Supervision, 763 F.Supp. 568, 571 (S.D.Fla.1990); First National Bank of Scotia v. United States, 530 F.Supp. 162, 166 (D.D.C.1982); 12 U.S.C. § 1813(q). Section 1818 applies to banks insured through the Federal Deposit Insurance Corporation. That Section authorizes the appropriate regulatory agency (if it believes that an insured depository institution or institution-related party is engaged, has engaged or is about to engage in an unsafe or unsound banking practice, has violated any law or regulation or is about to do so) to deliver to an insured bank or institution-related party notice of charges and/or a cease and desist order. 12 U.S.C. § 1818(b). If an institution-affiliated party is charged with a felony or has violated certain laws, the appropriate Federal banking agency is further empowered under §§ 1818(e) and (g) to institute removal proceedings or to suspend that party from office pending resolution of the charges against it. The charged institution or party is then entitled to a hearing within 30-60 days. 12 U.S.C. § 1818(e)(4), (g)(3).
Under Section 1818(h), hearings are to be conducted in accordance with the provisions of chapter 5 of Title 5 (the Administrative Procedures Act) and,
After such hearing, and within ninety days after the appropriate Federal banking agency or Board of Governors of the Federal Reserve System has notified the parties that the case has been submitted to it for final decision, it shall render its decision ... and shall issue and serve upon each party to the proceeding an order or orders consistent with the provisions of this section. Judicial review of any such order shall be exclusively as provided in this subsection (h) of this section. Unless a petition for review is timely filed in a court of appeals of the United States, as hereinafter provided.... and thereafter until the record in the proceeding has been filed as so provided, the issuing agency may at any time, upon such notice and in such manner as it shall deem proper, modify, terminate or set aside any such order. Upon such filing of the record the agency may modify, terminate or set aside any such order with permission of the court.
12 U.S.C. § 1818(h)(1) (emphasis supplied). Pursuant to § 1818(h)(2),
upon a party's filing of a petition for review in the court of appeals of the United States for the circuit in which the home office of the depository institution is located or in the U.S. Court of Appeals for the District of Columbia Circuit, the Court of Appeals "shall have jurisdiction, which upon the filing of the petition of the record shall, except as provided in the last sentence of said paragraph (1) be exclusive to affirm, modify, terminate or set aside in *361 whole or in part the order of the agency. The judgment and decree of the court shall be final, except that the same shall be subject to review by the Supreme Court upon certiorari, as provided in Section 1254 of Title 28."
(emphasis added).
Finally, § 1818(i) provides in pertinent part:
The appropriate Federal banking agency may in its discretion apply to the United States district court, or the United States court of any territory, within the jurisdiction of which the home office of the depository institution is located, for the enforcement of any effective and outstanding notice or order issued under this section.... and such courts shall have jurisdiction and power to order and require compliance herewith; but, except as provided in this section ... no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under any such section, or to review, modify, suspend, terminate or set aside any such notice or order.

(emphasis added).
In this fashion then, Section 1818 as a whole provides a detailed framework for regulatory enforcement and for orderly review of the various stages of enforcement. Board of Governors, Federal Reserve System v. DLG Financial Corp., 29 F.3d 993, 999 (5th Cir. 1994), cert. dis., 513 U.S. 1140, 115 S.Ct. 1085, 130 L.Ed.2d 1055 (1995); Groos National Bank v. Comptroller of the Currency, 573 F.2d 889, 895 (5th Cir.1978).
The law is clear that because federal courts are courts of limited jurisdiction, a plaintiff may invoke the jurisdiction of a federal court only pursuant to a statutory grant of authority to adjudicate the asserted claim. Clinton County Commissioners v. United States Environmental Protection Agency, 116 F.3d 1018, 1021 (3rd Cir.1997), citing inter alia, Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). Also see, Mid America Bancorporation, Inc. v. Board of Governors of the Federal Reserve System, 523 F.Supp. 568, 574 (D.Minn.1980), citing Lockerty v. Phillips, 319 U.S. 182, 187, 63 S.Ct. 1019, 1022, 87 L.Ed. 1339 (1943). Moreover, when a plaintiff seeks to sue the United States or any instrumentality thereof, he may not rely on the general federal question jurisdiction of 28 U.S.C. § 1331, but must identify a specific statutory provision that waives the government's sovereign immunity from suit. Id.
It is equally well established that Congress may provide whatever procedure that it deems appropriate for judicial review of administrative orders. Massieu v. Reno, 91 F.3d 416, 419 (3rd Cir.1996). Whether a statute is intended to preclude initial judicial review is determined from the statute's language, structure, and purpose, its legislative history and whether the claims can be afforded meaningful review. Thunder Basin Coal Company v. Reich, 510 U.S. 200, 207, 114 S.Ct. 771, 776, 127 L.Ed.2d 29 (1994).
It should be noted that, if there exists a special statutory review procedure, it is ordinarily supposed that Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases to which it applies. There is also a strong presumption against the availability of simultaneous review in both the district court and the court of appeals. Kreschollek v. Southern Stevedoring Co., 78 F.3d 868, 870 (3rd Cir.1996). Where, however, the statute provides no mechanism for meaningful review, or a serious constitutional question is presented such as might arise if an agency statute were construed to preclude all judicial review of a constitutional claim, jurisdiction could lie in the district court. See, e.g: Thunder Basin, supra, 510 U.S. at 215, note 20, 114 S.Ct. at 780, note 20; Henry v. Office of Thrift Supervision, 43 F.3d 507 (10th Cir. 1994); Feinberg v. Federal Deposit Insurance Corporation, 522 F.2d 1335 (D.C.Cir. 1975); Paul v. Office of Thrift Supervision, supra.
With regard to the statute at issue, the courts have recognized that the procedure outlined in 12 U.S.C. § 1818(h)(2) places judicial review of orders issued pursuant to § 1818(h)(1) firmly in the hands of the Courts of Appeals while at the same time *362 giving the district courts limited jurisdiction over three types of controversies stemming from the issuance of cease and desist orders.[2]First National Bank of Scotia, at 166. Aside from these three instances, Congress has emphatically stated that "no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under this section, or to review, modify, suspend, terminate or set aside any such notice or order." Id., at 167; 12 U.S.C. § 1818(i)(1).
In this case, plaintiff seeks a judgment declaring the FDIC enforcement action against him and the enforcement procedures generally to be unconstitutional, legally deficient, null and void due to the allegedly improper manner in which Administrative Law Judges Alprin and Shipe were appointed. It should be observed that the Administrative Procedures Act will not confer jurisdiction on the district court where another statute denies it and the Declaratory Judgment Act does not confer jurisdiction where none otherwise exists. Henry v. Office of Thrift Supervision, supra, 43 F.3d 507, 512. Thus, we conclude that if plaintiff cannot sustain his burden of showing that the statute under which he claims jurisdiction provides no mechanism for meaningful review, or that the statute can be construed to preclude all judicial review of a serious constitutional claim, jurisdiction will not lie.
Here, plaintiff's complaint is silent as to how the appointment of these judges rises to the level of a constitutional violation; the closest plaintiff comes to outlining his theory is contained at pages 20-21 of his Memorandum of Law in Opposition to Defendants' Motion to Dismiss wherein he "asserts only that the contents of the [FDIC's] notice [of charges] failed to convey plaintiff's right to a hearing before a legally appointed and sitting ALJ and therefore failed to convey plaintiff's right to a lawfully conducted hearing." However, even construing this claim to be one for a violation of plaintiff's right to procedural due process, Mr. Leuthe clearly has a mechanism for meaningful review of any order issued by Judge Alprin available to him under § 1818(h) as he remains free to make this argument and challenge the method by which the ALJs at issue were appointed before the Court of Appeals.
This finding is consistent with the holding of the Supreme Court in Board of Governors of Federal Reserve System v. MCorp Financial, Inc., 502 U.S. 32, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991). In that case, the Board of Governors of the Federal Reserve System had instituted two administrative proceedings against MCorp, a bank holding company alleging that it had violated the source of strength regulation and engaged in unsafe banking practices. After filing voluntary bankruptcy petitions, MCorp commenced an adversary proceeding against the Board to enjoin it from prosecuting the administrative action. After transferring the adversary proceedings to its own docket, the District Court enjoined both proceedings. On appeal the Court of Appeals held that while the District Court had no jurisdiction to enjoin the proceedings for the charges for unsound banking practices, under the authority of Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), it had jurisdiction to review the validity of the "source of strength" regulation as plaintiff claimed the Board had exceeded its statutory authority in promulgating the regulation.
Following its review of the three limited areas in which Congress granted jurisdiction to the District Courts in § 1818, the Supreme Court reversed that part of the Court of Appeals' decision upholding the District Court's exercise of jurisdiction to entertain MCorp's action to enjoin the administrative proceedings on the basis of the source of strength regulation. In so doing, the Supreme Court noted that:

*363 The cases before us today are entirely different from Kyne because FISA expressly provides MCorp with a meaningful and adequate opportunity for judicial review of the validity of the source of strength regulation. If and when the Board finds that MCorp has violated that regulation, MCorp will have, in the Court of Appeals, an unquestioned right to review of both the regulation and its application.
The second, and related, factor distinguishing this litigation from Kyne is the clarity of the congressional preclusion of review in FISA.... By contrast, in FISA Congress has spoken clearly and directly: `[N]o court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any [Board] notice or order under this section.' 12 U.S.C. § 1818(i)(1).
502 U.S. at 44, 112 S.Ct. at 466.
As the foregoing makes clear, the language of § 1818(i)(1) is mandatory. We likewise find the language in 12 U.S.C. § 1818(h)(1) and (2) to be equally compelling. There cannot be any doubt but that the Court of Appeals has exclusive jurisdiction to consider challenges to orders issued by Administrative Law Judges under this Act. As plaintiff has not shown that the claim presented here could not receive meaningful review in the Court of Appeals, we therefore conclude that this court simply does not have the jurisdiction to "affect by injunction, declaratory judgment or otherwise" the enforcement proceedings at issue.

CONCLUSION
For all of the reasons set forth above, the Defendants' Motions to Dismiss plaintiff's complaint is granted pursuant to Fed. R.Civ.P. 12(b)(1).
NOTES
[1] Indeed, among the grounds asserted in the Defendants' motion to dismiss is that OFIA cannot be sued as a separate entity, because Congress has not constituted it as a body corporate or authorized it to be sued in its own name. (Brief of Defendants OTS, OFIA, OCC and FRB in Support of Motion to Dismiss, at p. 6).
[2] Specifically, § 1818(c)(2) grants district courts the authority to issue injunctive relief setting aside, limiting or suspending the enforcement, operation or effectiveness of temporary cease and desist orders. Under § 1818(d) upon application of the appropriate agency, the district courts may issue an injunction to enforce the terms of temporary cease and desist orders. Finally, under § 1818(i), the district courts have jurisdiction to order the enforcement of any outstanding notice or order issued by an agency under section 1818. See Also: First National Bank of Scotia, supra, at 166-67.