The **TOWN OF OGDEN DUNES,** et al., Plaintiffs,

v.

**BETHLEHEM STEEL CORPORATION,** National Steel Corporation, Indiana Port Commission, The United States of America, and Little Calumet River Basin Development Commission, Defendants.

No. 2:97 CV 191 AS.

United States District Court, N.D. Indiana, Hammond Division.

Jan. 26, 1998.

Jeffrey F. Gunning, Pinkerton and Friedman PC, Munster, IN, John J. O'Connell, Solomon, Zauderer, Ellenhorn, Frischer and Sharp, New York City, for plaintiffs.

J.B. Smith, Beckman Kelly and Smith, Hammond, IN, Mark E. Shere, Squire Sanders and Dempsey, Columbus, OH, for Bethlehem Steel Corp.

James M. Matthews, Baker and Daniels, South Bend, IN, Kevin M. Toner, Baker & Daniels, Indianapolis, IN, for Nat. Steel Corp.

Evan E. Steger, III, Ice Miller Donadio and Ryan, Indianapolis, IN, for Indiana Port Commission, defendant.

J. Philip Klingeberger, United States Attorneys Office, Dyer, IN, for United States of America, defendant.

Steven J. Strawbridge, Locke Reynolds Boyd and Weisell, Indianapolis, IN, Louis M. Casale, Sr., Casale and Foley, Merrillville, IN, James M. Spivak, Merrillville, IN, Thom-

as J. Wendt, Locke Reynolds Boyd and Weisell, Indianapolis, IN, for Little Calumet River Basin Development Com'n.

Barbara L. Crawford, A. Scott Chinn, Office of Indiana Attorney General, Indianapolis, IN, for State of Indiana, third-party defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This cause is before this court on the motions to dismiss filed by Bethlehem Steel Corporation ("Bethlehem"), National Steel Corporation ("National"), and the Little Calumet River Basin Development Commission ("Little Calumet")[1]. Additionally, Bethlehem has filed a motion for partial summary judgment. All of the motions have been responded to by plaintiff Town of Ogden Dunes ("Ogden Dunes") and the one hundred plus property owners joining Ogden Dunes in this suit. As the court has been fully briefed on the issues, it is now ready to rule.

### I. Background

In the 1960's, the Army Corps of Engineers constructed the Burns International Harbor on the shoreline of Lake Michigan in Lake County, Indiana in conjunction with the Indiana Port Commission and the two steel companies. In the 1980's, Little Calumet, together with the Army Corps of Engineers, developed the Burns Waterway Small Boat Harbor. The town of Ogden Dunes and the individual plaintiffs that reside in Ogden Dunes have suffered erosion of their shoreline which they assert is caused by the shoreline structures at the Burns International Harbor and Burns Waterway Small Boat Harbor interfering with the littoral (shoreline) flow of sand around the shoreline.

In 1984, the town of Ogden Dunes, the Save the Dunes Council, and two couples that resided in Ogden Dunes (not a party to this case) filed suit against the Army Corps of Engineers, the Indiana Port Commission, Bethlehem and Little Calumet in this district. Little Calumet entered into a consent decree with the plaintiffs of that case and was dismissed. The other defendants were dismissed pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure in an order by Judge Kanne, sitting by designation, dated December 4, 1987. Specifically, Judge Kanne dismissed the claims against the federal defendants on the basis that the plaintiffs had failed to comply with the notice provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., dismissed the 42 U.S.C. § 1983 claim against Bethlehem Steel on the grounds that Bethlehem was not a state actor, dismissed the pendent state claims against Bethlehem Steel because no federal claims remained against Bethlehem, dismissed the federal claim against the Indiana Port Commission on the basis of absolute immunity under the Eleventh Amendment, and dismissed the pendent state claims against the IPC because no federal question remained and no diversity existed.

Ogden Dunes then filed suit in 1990 against the Indiana Port Commission in state court, seeking damages for the erosion of Ogden Dunes Beach. IPC settled with Ogden in October, 1993, for $300,000, which money was to acquire a dredge to be used by the town to maintain the beach. In August, 1996, an individual resident of Ogden Dunes, William Suarez, filed suit against the State of Indiana, the Indiana Port Commission, the Little Calumet Rive Basin Development Commission, Midwest Steel Division of National Steel Corporation, Bethlehem Steel Corporation, and Northern Indiana Public Service Company, alleging that the construction of the structures in Burns Harbor had blocked the littoral flow of sand, causing severe erosion to Suarez' beachfront property in Ogden Dunes. The IPC filed a third-party complaint against the City of Ogden Dunes, alleging breach of the settlement agreement reached in the second case. In part of its answer, Ogden Dunes admitted that it had not purchased a dredge as re-

---

1. The United States of America attached a motion to dismiss to its answer, but has not provided a brief in support, nor have the plaintiffs responded to that motion; thus the court will not address that motion at this time. Counsel for the United States is ordered to provide a brief in support of that motion within 20 days of the date of this order, and the plaintiffs are to respond to that brief within 20 days of its filing.

quired. Although most of the parties here are involved in the ongoing state court action, Ogden Dunes filed the current action in this court on May 27, 1997.

## II. Analysis

### A. Motions to Dismiss filed by Bethlehem and National

 National and Bethlehem have filed their motions to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. There are two types of challenges to jurisdiction which may be made under Rule 12(b)(1): (1) a facial attack that challenges the sufficiency of the allegations of jurisdiction in the pleadings on their face; and (2) a factual attack that challenges the truth of the jurisdictional facts alleged in the pleadings. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.), cert. denied, 513 U.S. 868, 115 S.Ct. 188, 130 L.Ed.2d 121 (1994); *Freiburger v. Emery Air Charter, Inc.*, 795 F.Supp. 253 (N.D.Ill.1992). When reviewing a motion raising a facial attack, the court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir.1995). This standard is similar to that applied in a motion to dismiss under Rule 12(b)(6). *Brown v. Keystone Consolidated Industries, Inc.*, 680 F.Supp. 1212, 1215 (N.D.Ill.1988).

 However, if the challenge to jurisdiction is factual, no presumption of truthfulness applies to the plaintiff's factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Ritchie*, 15 F.3d at 598. The court may receive competent evidence such as affidavits, deposition testimony and the like in order to determine the factual dispute. *Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947). Thus, when faced with a factual challenge, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir.1993).

 In the case, the complaint asserts both federal question and diversity jurisdiction, as well as supplemental jurisdiction, over the parties. No federal claim has been raised against Bethlehem or National, and thus this court has no federal question jurisdiction over them. As to the question of subject matter jurisdiction, "[f]or almost two centuries the diversity statute has been interpreted to require 'complete' diversity of citizenship (meaning that none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen). *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir.1997). The City of Ogden Dunes and its residents are clearly domiciled in Indiana, as are the Indiana Port Commission and Little Calumet River Basin Development Commission. Plaintiffs cite *Kauth v. Hartford Ins. Co.*, 852 F.2d 951 (7th Cir.1988) for the proposition that "the rule of *Strawbridge v. Curtiss* does not require dismissal of claims against nondiverse defendants if plaintiff has an independent basis of jurisdiction over them." 852 F.2d at 958. However, plaintiffs fail to recognize that they do not have an independent (i.e. federal question) basis of jurisdiction over Bethlehem and National, and the presence of IPC in the counts against the steel companies destroys complete diversity. Thus, this court does not have subject matter jurisdiction over the steel companies.

 The plaintiffs finally argue that even if they do not have federal question or subject matter jurisdiction, this court should exercise its supplemental jurisdiction under 28 U.S.C. § 1367. Section 1367(a) provides as follows:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdic-

tion shall include claims that involve the joinder or intervention of additional parties.

Subsection (b) relates to cases that have only diversity as a basis for jurisdiction, but subsection (c) of 28 U.S.C. § 1332 provides when courts may decline to exercise supplemental jurisdiction.

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

This court has not dismissed the federal claims, and, although the claims against the United States fall within the ambit of the Federal Tort Claims Act, Counts One and Three are identical as to the United States and the two steel companies. Nor do the claims appear to be novel or complex. Thus, subsections (c)(1), (c)(2), and (c)(3) do not apply. The steel companies have focused on subsection (c)(4), the exceptional circumstances case. The steel companies argue that Judge Kanne declined to exercise pendent jurisdiction over Bethlehem in *Ogden I* after the dismissed the federal claim against it, and thus his decision should have a preclusive effect on the question of pendent or supplemental jurisdiction in this case. Although the claims in this case are slightly different from those in *Ogden I*, Judge Kanne's logic is still persuasive. Bethlehem and National would not be before this court were it not for the Federal Tort Claims Act claims against the United States, an act which could never grant this court jurisdiction over private parties on its own. Additionally, the goal of judicial economy is not being met here—substantially similar claims have already been lodged against the steel companies in the currently pending state court litigation to which Ogden Dunes, if not

the 130 resident plaintiffs, is already a party. Thus, the court now declines to exercise its supplemental jurisdiction over the steel companies and their motions to dismiss are granted.

## B. Motion to Dismiss filed by Little Calumet

Little Calumet has filed a motion to dismiss the claims against it pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The standard of review for motions filed under FED.R.CIV.P. 12(b)(1) was stated in the above section. The standard of review for motions filed under FED.R.CIV.P. 12(b)(6) is as follows. By moving under Fed.R.Civ.P. 12(b)(6) for dismissal, the defendant asserts that even assuming the plaintiff's allegations are true, the complaint fails to state a claim upon which relief can be granted. This rule contains only one of several "filters" used by the courts to separate "those suits that should receive plenary consideration from those that should not." *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). The rule's capacity to save the parties' and the court's resources is obvious.

■ However, this court must be especially careful when faced with a motion for dismissal. The court should accord the plaintiff's complaint a reasonably tolerant reading, because

> the dismissal of the suit under 12(b)(6) could preclude another suit based on any theory that the plaintiff might have advanced on the basis of the facts giving rise to the first action.

*Id. (citing American Nurses' Association v. State of Illinois,)* 783 F.2d 716, 726–27 (7th Cir.1986)). *See also, Wright v. Bosch Trucking Co.*, 804 F.Supp. 1069, 1071 (C.D.Ill. 1992); *Stewart v. RCA Corp.*, 790 F.2d 624, 632 (7th Cir.1986). As stated by the *Stewart* court, a complaint "almost barren of facts" may comprise claims of a specific category if read liberally. *Stewart*, 790 F.2d at 632.

Dismissal of a complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) *(citing Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also, Dawson*

*v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir.1992). This court must accept the well-pleaded factual allegations of the complaint as true and "construe such allegations in favor of the plaintiff." *Roots Partnership v. Lands' End, Inc.*, 965 F.2d 1411, 1416 (7th Cir.1992). As a point of clarification, the court notes that it is required to accept only factual allegations; "it is not required to accept legal conclusions that may be alleged or that may be drawn from the pleaded facts." *Milwaukee v. Saxbe*, 546 F.2d 693, 704 (7th Cir.1976); *see also, Reichenberger v. Pritchard*, 660 F.2d 280, 282 (1981).

■ To escape dismissal "[a] plaintiff need not set out in detail the fats upon which a claim is based, but must allege sufficient facts to outline the cause of action." *Marmon Group, Inc. v. Rexnord, Inc.*, 822 F.2d 31, 34 (7th Cir.1987) (citations omitted). "The complaint cannot be amended by the briefs filed by the plaintiff in opposition to a motion to dismiss." *Gomez*, 811 F.2d at 1039.

■ Likewise, the defendant may not "attempt to refute the complaint or to present a different set of allegations" in its 12(b)(6) challenge. *Id.* The defendant's attack must be against the sufficiency of the complaint; it "must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Id.*

■ Little Calumet makes a number of arguments as to why the claims against it should be dismissed, both on jurisdictional grounds and on the merits. The most persuasive argument, however, is that Little Calumet does not own the harbor structures which form the basis of plaintiffs' claim. Under 33 U.S.C. § 577, "[l]ocal interests shall provide without cost to the United States all necessary lands, easements and rights-of-way for all projects to be constructed under the authority of this section." Plaintiffs do not deny that this section applies to the Burns Harbor project, but rather argue that the statute does not require Little Calumet to transfer the title to the United States. However, the statute clearly states that "local interests *shall* provide ... all necessary lands, easements and rights-of-way." (emphasis added.) The statute clearly required Little Calumet to transfer all interest in the necessary land to the United States, and it does not provide for the return of such interest after construction is completed. It is equally clear that the transfer of only an easement would have been sufficient, as plaintiffs suggest. The statute specifies "lands, easements *and* rights-of-way." (emphasis added.) It is clear that Little Calumet has no interest in the land at question in this suit, and thus plaintiffs' assertions against Little Calumet fail to state a claim for which relief can be granted. Thus Little Calumet's motion to dismiss the claims against it must be granted.

### III. Conclusion

The United States of America is now **ORDERED** to file a brief in support of its motion to dismiss within twenty (20) days of the date of this order, to which the plaintiffs will respond within twenty (20) days of the filing of that brief. The motions to dismiss filed by Bethlehem Steel and National Steel are now **GRANTED**. The motion for partial summary judgment filed by Bethlehem is now **DENIED** as **MOOT**. The motion to dismiss filed by Little Calumet is now **GRANTED**. The clerk shall enter judgment for Bethlehem, National, and Little Calumet accordingly.

**IT IS SO ORDERED.**