**David GUADARRAMA, Petitioner,**

v.

**Brian PERRYMAN, Director, Immigration and Naturalization Service, Respondent.**

**No. 98 C 7545.**

United States District Court,
N.D. Illinois,
Eastern Division.

April 14, 1999.

Michael B. Cohen, Attorney at Law, Chicago, Illinois, for plaintiff/petitioner.

James G. Hoofnagle, Jr., Special Assistant U.S. Attorney, Chicago, Illinois, for defendant/respondent.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is respondent the Immigration and Naturalization Service's mo-

tion to dismiss the petition for writ of habeas corpus and "to revoke the bond set on December 17, 1998" pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons that follow, the court grants respondent's motion to dismiss and to revoke the bond.

## I. *BACKGROUND*

Petitioner David Guadarrama ("Guadarrama") is a lawful permanent resident of the United States and a native and citizen of Mexico. In August of 1987, in the Circuit Court of Lake County, Guadarrama pled guilty to possession of 5 to 30 grams of cocaine and was sentenced to a four-year term of imprisonment. On May 10, 1995, in the Circuit Court of Lake County, Guadarrama was convicted of aggravated criminal sexual abuse and sentenced to a three-year term of probation. Then, on July 7, 1997, in the Circuit Court of Lake County, Guadarrama pled guilty to unlawful delivery of a controlled substance and was sentenced to a four-year term of imprisonment.

Subsequently, on September 18, 1998, the Immigration and Naturalization Service ("INS") took Guadarrama into custody pursuant to 8 U.S.C. § 1226(c)(1)(B). On September 26, 1998, the INS issued a notice to appear against Guadarrama. This notice charged that Guadarrama was subject to removal from the United States for his conviction of aggravated criminal sexual abuse, 8 U.S.C. § 1227(a)(2)(A)(iii), and for his conviction for violating a law relating to a controlled substance, 8 U.S.C. § 1227(a)(2)(B)(i).[1]

On October 6, 1998, an immigration judge ordered Guadarrama to be released from custody under a $15,000 bond. Guadarrama could not place the bond at this time, so the immigration judge set the matter for a later date. However, on November 3, 1998, the immigration judge found that, pursuant to 8 U.S.C. § 1226(c), he did not have jurisdiction to set the bond and to release Guadarrama. In response, Guadarrama reserved the right to appeal that decision to the Board of Immigration Appeals ("BIA").

Guadarrama had his removal hearing before an immigration judge on November 24, 1998. The judge ordered Guadarrama removed from the United States and to Mexico because his status as a lawful permanent alien was terminated.[2] In response, Guadarrama again reserved the right to appeal this decision to the BIA. This appeal was due by December 26, 1998.

Also, on November 24, 1998, Guadarrama filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, with this court. In his petition, Guadarrama argues that the immigration judge's retroactive application of section 440(a) of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA") to his convictions violated the *ex post facto* clause of the United States Constitution and, thus, the immigration judge should not have ordered him removed from the United States. Guadarrama, on this same day, also filed a "motion for enlargement on bail pending the decision on petitioner's petition for writ of habeas corpus."

The parties appeared in open court on December 17, 1998 to argue Guadarrama's motion for enlargement on bail. After hearing oral arguments on the motion, the

1. Although, the notice to appear clearly states that the 1997 conviction and not the 1987 conviction is one of the bases for removal, Guadarrama asserts that the 1987 conviction for possession of a controlled substance and not the 1997 conviction for unlawful delivery of a controlled substance is the basis for the removal pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) because the 1997 conviction is currently under appeal.

2. Guadarrama contends that he has not been ordered deported. (Pet.'r Resp. at 14). However, exhibit 1 of the INS's motion clearly indicates that, on November 24, 1998, an immigration judge ordered Guadarrama to be removed from the United States. (Resp't Mot.Ex. 1).

court granted Guadarrama's motion for enlargement on bail.[3]

Currently, before the court is the INS's motion to dismiss the petition for writ of habeas corpus and to revoke the petitioner's bond. The INS alleges that the district court lacks jurisdiction over the petition for writ of habeas corpus and to rule on INS bond decisions.

## II. *DISCUSSION*

### A. *Standard for deciding a Rule 12(b)(1) motion to dismiss*

Federal Rule of Civil Procedure 12(b)(1) permits the court to dismiss a case for lack of subject matter jurisdiction. FED. R.CIV.P. 12(b)(1). Unlike state courts, federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Federal courts only have the power to hear a case if that power is granted by the Constitution and authorized by statute. *Id.* The presumption is that a cause lies outside of this limited jurisdiction. *Id.* The burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.*

The standard of review for a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss depends on the purpose of the motion. *See Freiburger v. Emery Air Charter,* 795 F.Supp. 253, 256 (N.D.Ill. 1992). If the motion merely challenges the sufficiency of the allegations of subject matter jurisdiction, then the court must accept as true all well-pleaded factual allegations and construe them favorably to the pleader. *Rueth v. United States EPA,* 13 F.3d 227, 229 (7th Cir.1993). However, if the motion denies the truth of the allegations, the court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. FDIC,* 999 F.2d 188, 191 (7th Cir.1993). Dismissal is proper if it appears beyond doubt that the plaintiff cannot prove any set of facts consistent with the pleadings that would entitle him to the relief requested. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### B. *Guadarrama's petition for writ of habeas corpus*

The INS asserts that the district court lacks jurisdiction to hear Guadarrama's petition for writ of habeas corpus. More specifically, the INS alleges that section 440(a) of AEDPA[4] bars this court from asserting jurisdiction to hear the petition.

This court does not have jurisdiction to hear Guadarrama's argument on whether AEDPA applies retroactively to his crimes. On December 22, 1998, the Seventh Circuit held that, in most cases, the district court does not have jurisdiction to hear a petition for writ of habeas corpus from the class of aliens encompassed by AEDPA § 440(a). *See LaGuerre v. Reno,* 164 F.3d

---

3. The INS asserts in its memorandum that it argued in open court that the district court lacked jurisdiction to consider the motion for bond under 8 U.S.C. §§ 1226 and 1231. However, the INS made no such argument on that day. In response to the court's inquiry as to whether Guadarrama should be released on bail, the INS did not mention either section of 8 U.S.C. The INS's response was: "The government's petition on bail is, it shouldn't be issued unless Mr. Cohen [Guadarrama's attorney] shows up with a notice of appeal with his 1997 conviction." (Resp't Mot. at 7). The INS further argued that Guadarrama should not be released because he is a deportable alien. (Resp't Mot. at 7–8). At no time, however, did the INS assert that the court did not have jurisdiction to set bail.

4. Section 440(a) of AEDPA amended section 106 of the Immigration and Nationality Act ("INA") to provide that a "final order of deportation against an alien who is deportable by reason of having committed an [aggravated felony or a drug offense] ... shall not be subject to review by any court." 8 U.S.C. § 1105a(a)(10).

1035, 1040 (7th Cir.1998).[5] Because Guadarrama was convicted of at least one of the enumerated crimes in § 440(a),[6] this court finds, based on the Seventh·Circuit's decision in *LaGuerre*, that it does not have jurisdiction to hear Guadarrama's habeas corpus petition. Accordingly, Guadarrama's petition for writ of habeas corpus is dismissed for lack of subject matter jurisdiction.

The INS also bases its motion to dismiss for lack of subject matter jurisdiction on the allegations that the court lacks jurisdiction to review final orders of deportation and that Guadarrama has failed to exhaust his administrative remedies. Having already decided that this court lacks subject matter jurisdiction over Guadarrama's habeas corpus petition, the court will not address these arguments.

### C. *Guadarrama's motion for enlargement on bail*

 The INS alleges that this court should revoke Guadarrama's bail because the court did not have jurisdiction to set bail for Guadarrama. According to the INS, Guadarrama was in custody pursuant to section 236(c)(1)(B) of the INA, 8 U.S.C. § 1226(c)(1)(B). As amended by the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), this section requires that the Attorney General take into custody any alien who is removable for having committed any offense covered in 8 U.S.C. § 1227(a)(2)(A)(iii), an aggravated felony. 8 U.S.C. § 1226(c)(1)(B). "A person taken into custody under § 236(c)(1) may be released under § 236(c)(2), but only if the Attorney General decides" that the alien is eligible for

the witness protection program. *Parra v. Perryman*, 172 F.3d 954, 955–56 (7th Cir. 1999). Furthermore, IIRIRA § 303(a) which amended 8 U.S.C. § 1226(e) eliminated judicial review of the Attorney General's decisions "regarding the detention or release of any alien or the grant, revocation or denial of bond or parole." 8 U.S.C. § 1226(e); *see Rusu v. Reno*, 999 F.Supp. 1204, 1213 (N.D.Ill.1998). In this case, Guadarrama's convictions render him removable under 8 U.S.C. § 1227(a)(2)(A)(iii), alien convicted of an aggravated felony, and 8 U.S.C. § 1227(a)(2)(B), alien convicted of a violation relating to a controlled substance. Thus, because (1) Guadarrama is removable under 8·U.S.C. § 1227, (2) the Attorney General has not decided that Guadarrama is eligible for the witness protection program, and (3) IIRIRA § 303(e) eliminated judicial review of the Attorney General's decisions regarding the detention of an alien, this court did not have jurisdiction to grant Guadarrama bail. Accordingly, the court revokes Guadarrama's previously set bond.

### CONCLUSION

For the foregoing reasons, the court grants the INS's motions to dismiss Guadarrama's petition for writ of habeas corpus and to revoke Guadarrama's bond pursuant to Federal Rule of Civil Procedure 12(b)(1).

---

**5.** The Seventh Circuit did not foreclose all judicial review of petitions for writs of habeas corpus. Direct review remains open in the circuit court "under section 440(a) for aliens wishing to challenge their deportation on constitutional grounds." *LaGuerre*, 164 F.3d at 1040. The Seventh Circuit also left open the possibility for review by the district court of petitions in which "for reasons beyond the alien's control," the alien could not have raised a substantial constitutional issue in the

circuit court. *Id.* This possibility of review need not be addressed because Guadarrama has not asserted that he could not have raised his constitutional issue in the Seventh Circuit.

**6.** The Circuit Court of Lake County convicted Guadarrama of aggravated criminal sexual abuse, an aggravated felony, which is undisputedly one of the bases for Guadarrama's ordered removal.