David GUADARRAMA, Petitioner,

v.

Brian PERRYMAN, Director, Immigration and Naturalization Service, Respondent.

No. 98 C 7545.

United States District Court,
N.D. Illinois,
Eastern Division.

May 6, 1999.

Michael B. Cohen, Attorney at Law, River Grove, IL, for petitioner.

James G. Hoofnagle, Jr., Special Assistant U.S. Attorney, Chicago, IL, for respondents.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is petitioner David Guadarrama's "emergency petition to stay order for petitioner to surrender to INS on April 21, 1999." For the following reasons, the court denies petitioner's emergency petition.

## I. *BACKGROUND*

For the sake of brevity, the court will not restate the facts. The facts may be found in *David Guadarrama v. Brian Perryman*, 48 F.Supp.2d 778, 779–80 (N.D.Ill. 1999).

On April 14, 1999, this court granted the Immigration and Naturalization Service's ("INS") motion to dismiss David Guadarrama's ("Guadarrama") petition for writ of habeas corpus and to revoke the bond pursuant to Federal Rule of Civil Procedure 12(b)(1). Based on the Seventh Circuit's recent opinion in *LaGuerre v. Reno*, 164 F.3d 1035 (7th Cir.1998), the court found that, due to Guadarrama's conviction for aggravated criminal sexual abuse, 720 ILL.COMP.STAT. 5/12–16, Guadarrama was an alien from the class of aliens encompassed by section 440(a) of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"). *Guadarrama*, 48 F.Supp.2d at 780–81 & n. 6. Thus, the district court

did not have jurisdiction to hear the petition for writ of habeas corpus. *Id.* at 780–81.

On April 21, 1999, Guadarrama appeared in front of Judge Williams to request a postponement of his reporting date to the INS in consideration of the Seventh Circuit's decision in *Xiong v. Immigration and Naturalization Service,* No 97–3402, 173 F.3d 601 (7th Cir.1999). Judge Williams extended the reporting date until noon on May 7, 1999, or the date on which the court rules on Guadarrama's motion, which ever was later.

In this motion, Guadarrama argues that this court should stay the surrender order because (1) Guadarrama was not convicted in 1987 for possession of cocaine; (2) the facts of his case vary from *LaGuerre;* (3) the immigration judge did not "look behind the name of the crime" to determine if aggravated criminal sexual abuse was a crime of violence; and (4) the court did have jurisdiction to hear his motion for bond.

## II. *DISCUSSION*

### A. *Guadarrama's 1987 conviction for possession of cocaine*

■ First, Guadarrama contends that this court incorrectly stated that Guadarrama was convicted in 1987 for possession of cocaine. Thus, Guadarrama alleges that this could not be a basis for finding him to be an alien from the class of aliens encompassed by AEDPA § 440(a). If the court incorrectly stated that Guadarrama was convicted for possession of cocaine in 1987, it is due to Guadarrama's misrepresentation to the court. In Guadarrama's petition for writ of habeas corpus, he states: "In August of 1987 he [Guadarrama] was convicted of possession of 5 to 30 grams of cocaine. On his plea of guilty he was sentenced to a term of 4 years." (Pet'r Pet. ¶ 4 at 2). Whether Guadarrama misrepre-

sented this conviction to the court in the petition for writ of habeas corpus or is currently misrepresenting to the court that he was not convicted in 1987, does not change the court's finding that Guadarrama is an alien from the class of aliens encompassed under AEDPA § 440(a). The court based this finding on Guadarrama's conviction for aggravated criminal sexual abuse. *Guadarrama,* 48 F.Supp.2d at 781 n. 6. Thus, Guadarrama's dispute with the court over the 1987 conviction is irrelevant.

### B. *Applicability of LaGuerre*

Guadarrama makes a brief attempt at persuading the court that the court's reliance on *LaGuerre* was misplaced because the facts of *LaGuerre* and his case differ. Despite the fact that the petitioner in *LaGuerre* was convicted of a drug offense and that Guadarrama was convicted of a sexual offense, the analysis is the same. Both crimes are aggravated felonies under the Immigration and Nationality Act ("INA"), thus the aliens both belong to the group of aliens encompassed by AEDPA § 440(a). *See* 8 U.S.C. § 1101(a)(43)(A) & (F).

### C. *Aggravated criminal sexual abuse*

■ Guadarrama also contends that based on the recent Seventh Circuit decision in *Xiong,* the immigration judge should not have summarily found that his conviction for aggravated sexual abuse was a crime of violence, and thus an aggravated felony.[1] Among other things, an aggravated felony means (1) a crime of violence or (2) sexual abuse of a minor. 8 U.S.C. § 1101(a)(43)(A) & (F).

Guadarrama's reliance on *Xiong* is misplaced. In *Xiong,* the INS issued an order to show cause, charging Xiong with violating a Wisconsin law, second degree sexual assault of a child, which constitutes a

---

1. In *Xiong,* the Seventh Circuit concluded that the immigration judge should have looked beyond the indictment. *Xiong,* 173 F.3d at 606–07. If the immigration judge had

considered the facts in the complaint, the immigration judge would have found that the conduct consisted of consensual sex between

"crime of violence," and thus an aggravated felony under the INA.[2] However, in this case, the INS charged Guadarrama on his notice to appear with "sexual abuse of a minor" and not with a "crime of violence." Guadarrama's notice to appear states that Guadarrama is subject to removal pursuant to: "section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(A) of the Act, a law relating to rape."[3] Thus, Guadarrama was not charged with violating a law constituting a crime of violence; Guadarrama was charged with sexual abuse of a minor, a separate and distinct aggravated felony under the INA. Accordingly, it is not an issue whether Guadarrama's conviction for aggravated criminal sexual abuse is a "crime of violence" because that was not the charge on his notice of removal.[4]

### D. Jurisdiction to hear motion for bond

■ The court is not quite clear what Guadarrama is attempting to argue in his two sentence paragraph about *Parra v. Perryman*, 172 F.3d 954 (7th Cir.1999).[5] In *Parra*, the Seventh Circuit found that the district court had jurisdiction to hear the application for bond of the petitioner who was awaiting deportation. Thus, this court assumes that Guadarrama is making the argument, based on *Parra*, that this court did have jurisdiction to hear his motion for enlargement on bail.

Any reliance on *Parra* by Guadarrama is misplaced. The petitioner in *Parra* conceded that he was an alien and convicted of a crime meeting the statutory definition of an aggravated felony. *Id.* at 955. Parra was challenging the constitutionality of section 236(c) of the INA, 8 U.S.C. § 1226(c),[6] and not the Attorney General's decision to deport him. *Id.* Thus, the Seventh Circuit found, based on *Reno v. American–Arab Anti–Discrimination Committee*, —— U.S. ——, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999), that the district court had jurisdiction.

In this case, Guadarrama was challenging his deportation order in his petition for writ of habeas corpus. As explained in the previous opinion, section 440(a) of AEDPA forecloses district court review of this type of habeas corpus petition. *Guadarrama*, 48 F.Supp.2d at 780–81. Guadarrama did not challenge the constitutionality of section 236 of the INA. He merely requested this court to let him out on bail while his

---

a boyfriend and girlfriend who were close in age. *Id.* at 607.

**2.** Under the INA "any alien who is convicted of an aggravated felony at any time after admission is deportable." INA § 237(a)(2)(A)(iii). A "crime of violence" is included in the list of aggravated felonies. Also, included as an aggravated felony is sexual abuse of a minor. IIRIRA § 321(a)(1).

**3.** "Sexual abuse of a minor" was added to the list of aggravated felonies as part of the Illegal Immigration Reform and Responsibility Act ("IIRIRA"), which was enacted on September 30, 1996. Section 321 of IIRIRA states: "The amendments made by this section shall apply to actions taken on or after the date of the enactment of this Act regardless of when the conviction occurred." The notice to appear is dated September 16, 1998 and the immigration judge's decision to have Guadarrama removed occurred on November 24, 1998. Both of these dates are after the enactment of IIRIRA. Thus, the new definition of aggra-

vated felony which includes sexual abuse of a minor applies to Guadarrama's case.

**4.** As a side note, the court fails to understand Guadarrama's logic that his conviction when he was in his mid-thirties for "touching the private parts of a fifteen year old girl while she was asleep" is a crime less onerous than that in *Xiong*. *See supra* note 1.

**5.** This paragraph states: "Further in MANUEL PARRA VS PERRYMAN, 99–1287 (7th Cir[.] 1999) (decided March 24, 1999)[,] the Seventh Circuit clearly held that Section 1252(g) does not foreclose 2241 review. In PARRA, the 7th Circuit stated that there is no question that PARRA was deportable, the only question being where he should spend the time awaiting bail, on bond or in custody." (Pet'r Emergency Mot. at 2).

**6.** Parra alleged that section 236(c) of the INA, 8 U.S.C. § 1226(c), violated the due process clause of the Fifth Amendment. *Parra*, 172 F.3d at 955.

petition for writ of habeas corpus was pending. Thus, *Parra* is inapplicable.

## CONCLUSION

For the foregoing reasons, the court denies Guadarrama's "emergency petition to stay order for petitioner to surrender to INS on April 21, 1999."